## McCoy, Appellant, *v.* Kane.

*Equity—Equity pleading—Answer—Contract.*

If a plaintiff state an act, transaction or contract as the foundation of his
equity, the defendant has a right to state the whole of such act, transaction
or contract as in truth it was.   Otherwise a plaintiff by giving only part of
a contract, if the defendant must admit that part and cannot go on to de-
scribe truly all the parts of it, the grossest injustice might be done.

On a bill in equity for a decree declaring plaintiff to be the owner of
one third interest in a mortgage, it appeared that plaintiff, defendant and
another person owned property which they sold at a profit of $4,500.   They
took a purchase money mortgage for $4,500 in the name of the defendant.
It appeared that the defendant had advanced $1,500 towards the original
purchase of the property.   Defendant averred in his answer that the title
was taken in his name to reimburse him for the $1,500 advanced by him,
and to provide him with resources for procuring $3,000 then urgently re-
quired by the three parties in interest.   This answer was not overcome by
the proof.   It appeared that defendant did not sell the mortgage but se-
cured the money required by pledging it.   This fact was made known to
plaintiff before he filed his bill, and there was nothing to show that he
objected.   Between the filing of the bill and the filing of the answer, the
mortgage was paid and the proceeds applied to repay the loan for which
it had been pledged.   *Held*, that the bill was properly dismissed.

Argued Dec. 4, 1901.   Appeal, No. 145, Oct. T., 1901, by
plaintiff, from decree of C. P. Montgomery Co., Dec. T., 1899,
No. 3, on bill in equity in case of Alexander McCoy v. Edward
F. Kane.   Before RICE, P. J., BEAVER, W. W. PORTER and
W. D. PORTER, JJ.   Affirmed.

188          McCOY, Appellant, v. KANE.

Statement of Facts—Opinion of Court below. [19 Pa. Superior Ct.

Bill in equity to declare title in plaintiff to an interest in a mortgage.

WEAND, J., filed the following opinion:

### HISTORY OF THE CASE.

The bill alleges that on June 9, 1898, plaintiff, with defendant and one Robert McCoy, purchased a property in Philadelphia for $4,500, subject to a ground rent of $7,500, each of said persons having an equal one-third interest title therein, title being taken in the name of plaintiff and Robert McCoy.

That subsequently the property was sold to one Andrew Blair for $7,500, subject to the same ground rent. Of this purchase money, $3,000 was paid in cash, and the balance secured by a bond and mortgage on the premises taken in the name of said Kane.

That in the payment of said original purchase money each of said parties paid $1,000, and that the said Kane borrowed the remaining $3,000. The prayer of the bill is that plaintiff be decreed to be the owner of one-third interest in said Blair mortgage and its interest, subject to the payment of the sum of $500 and its interest.

### FINDINGS OF FACT.

Alexander McCoy, Robert McCoy and Edward F. Kane were associated together as partners in the lime business under the name of the Cedar Hollow Lime Company. They purchased a property at Philadelphia, which they sold to one Andrew Blair at a profit of $3,000. The purchase and sale were made about the same time and each was subject to a $7,500 ground rent. The money, $4,500, due and paid on the original purchase was made up of $1,500 of Kane's personal funds, and $3,000 paid by Blair on account of his prospective purchase. When title was made to Blair, he paid the balance of his purchase money, $4,500, by executing and delivering a bond and mortgage on the premises for $4,500, which bond and mortgage were by consent of all parties taken in the name of Kane to reimburse him for the $1,500 advanced by him and to provide him with resources for procuring $3,000 then required by the parties in their business. As the money could

187, (1902).]     Opinion of Court below—Arguments.

not be conveniently realized on the mortgage, Kane borrowed $4,500 from the Norristown Title, Trust and Safe Deposit Company on his own bill single, with the mortgage as collateral security, for the benefit of the firm. Out of the proceeds of this loan he reimbursed himself for the $1,500 advanced by him, and deposited the remaining $3,000 to the credit of the Cedar Hollow Lime Company in the First National Bank of Norristown. This fact was known by and approved of by plaintiff. When the Blair mortgage was paid off and satisfied, the amount was appropriated to the loan from the bank.

We find as a fact that Mr. Kane has accounted to plaintiff and the firm for all moneys received by him from or on account of the transaction which has given rise to this contention, and that plaintiff was cognizant of the facts before he brought this suit.

### CONCLUSIONS OF LAW.

The answer in this case is responsive to the bill and plaintiff has offered no evidence sufficient in law or equity to offset its effect. On the merits of the case, apart from the legal effect of the answer, the defendant by the testimony, has shown a complete and satisfactory answer to the averments in the bill. As a matter of law, therefore, plaintiff having failed to make out a case entitling him to the relief prayed for, his bill must be dismissed with costs.

*Error assigned* was decree dismissing bill.

*Henry Freedly*, with him *H. M. Brownback*, for appellant.— The defendant is confessedly trustee, holding the mortgage in dispute, not only for himself, but for others, and occupying such a position, a different rule applies to him than to defendants generally: Baker v. Williamson, 4 Pa. 469.

The answer itself is not responsive: Rowley's App., 115 Pa. 156; Eaton's App., 66 Pa. 483; Burke's App., 99 Pa. 360; Patterson v. Silliman, 28 Pa. 313; Coleman v. Ross, 46 Pa. 184; Vollmer's App., 61 Pa. 131; Kenney's App., 22 W. N. C. 89.

*N. H. Larzelere*, with him *Wanger & Knipe*, for appellee, cited Baker v. Williamson, 4 Pa. 469,

OPINION BY RICE, P. J., January 21, 1902:

The authorities cited by the appellant's counsel show, that if a plaintiff state an act, transaction or contract as the foundation of his equity, the defendant has a right to state the whole of such act, transaction or contract as in truth it was.  " Otherwise a plaintiff by giving only part of a contract, if the defendant must admit that part and cannot go on to describe truly all the parts of it, the grossest injustice might be done :" Eaton's Appeal, 66 Pa. 483.  Thus where the answer to a bill filed to compel the delivery of securities alleged to be held by defendant as collateral, denies that they are held in the manner alleged, and sets up the title in which they are claimed to be held, it is responsive : Burke's Appeal, 99 Pa. 350.  See also Schell v. Deperven, 198 Pa. 591.  The original transaction set up by the bill, as described in the answer, was an agreement that the defendant should take title to the mortgage to himself, " to reimburse him for the $1,500 of his own money before advanced and to provide him with resources for procuring $3,000 then urgently required by Alexander McCoy, Robert McCoy and Edward F. Kane in their capacity of equal one third copartners in the firm, trading as the Cedar Hollow Lime Company."  Applying the principle stated at the outset, this averment must be deemed responsive, and not having been rebutted by the quantum of proof required to overcome the effect of a responsive answer, and being in addition sustained by affirmative evidence the learned trial judge was clearly warranted in finding as a matter of fact that " the bond and mortgage were by consent of all parties taken in the name of Kane to reimburse him for the $1,500 advanced by him and to provide him with resources for procuring $3,000 then required by the parties in their business."  The suggestion that because he was unable to obtain the money by a sale of the mortgage, the purpose for which it was taken in his name failed is without merit.  The undisputed evidence shows that he obtained the money for the purposes above stated by pledging the mortgage as collateral security for his personal note, and that after reimbursing himself for the $1,500 advanced by him, he deposited the remaining $3,000 to the credit of the Cedar Hollow Lime Company.  It was further shown by the clear preponderance of testimony that this latter fact was made known to the plain-

tiff before he filed this bill, and that, if the latter did not in so many words express his approval, he did not object. Between the dates of the filing of the bill and the filing of the answer, the mortgage was paid and the proceeds applied to the repayment of the loan for which it had been pledged as collateral. The sum and substance of the transaction is that the $3,000 profit which the parties made in the purchase and sale of the real estate was put into the partnership funds, as it was intended it should be when the mortgage in question was taken. It would be highly inequitable to compel the defendant to account for and pay over to the plaintiff any part of it. These latter conclusions of fact are reached without giving a responsive effect to the averments of the answer as to the disposition of the mortgage and the proceeds of the loan for which it was assigned as collateral. They are based on competent testimony, for the most part uncontradicted, which convinced the trial judge, and has convinced us, of the truth of the averments of the answer. The proposition, admitting its soundness, that an answer in chancery when it alleges payment in discharge of a trustee is confined as to its responsive effect to small sums, is therefore inapplicable, and need not be discussed.

We do not deem it necessary to discuss in detail the specifications of error relative to the rulings on evidence at the trial. We have given them due consideration and conclude that they are without merit.

The decree is affirmed and the appellant is ordered to pay the costs.