| 214 | 235 |
| 218 | 288 |
| f218 | 289 |

# Kenworthy, Appellant, v. Levi.

*Trusts and trustees—Power to sell—Power to mortgage—Provision against encumbering the estate.*

Where a deed of trust gives to the trustee the power to "sell and convey in fee simple the whole or any part of the trust estate . . . provided, however, that the principal of the estate shall not become impaired or encumbered," the trustee has no power to pledge a mortgage belonging to the estate as security for a loan; and if he does so and embezzles the proceeds, the pledgee of the mortgage will be compelled to reassign it to the trust estate. Lancaster v. Dolan, 1 Rawle, 231, distinguished.

Argued Jan. 9, 1906. Appeal, No. 254, Jan. T., 1905, by plaintiff, from decree of C. P. No. 5, Phila. Co., June T., 1903, No. 1,408, dismissing bill in equity in case of Joseph W. Kenworthy, Substituted Trustee, under Deeds of Trust bearing date July 9, 1889, and August 6, 1889, created by James P. and Mary Bell Henry v. Julius C. Levi, Trustee for Fannie Levi, The Equitable Trust Company, Administrator for the

Estate of Moses T. Johnson, deceased, and Samuel C. Adams. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Reversed.

Bill in equity to compel the reassignment of a mortgage. Before DAVIS, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*Jacob Singer*, with him *Emanuel Furth*, for appellant.—A power to sell realty with a restriction on encumbrances does not imply a power to pledge a mortgage: Maurer's App., 86 Pa. 380.

It is well settled that a party taking stock on sale or pledge from a trustee deals with it at his peril: Clemens v. Heckscher, 185 Pa. 476; Wood's App., 92 Pa. 379; Fesmire v. Shannon, 143 Pa. 201; Schell v. Deperven, 198 Pa. 591.

*M. Hampton Todd*, for appellee.—A power of sale annexed to a trust created by a deed or will includes a power to mortgage or pledge the assets of the trust estate: Zane v. Kennedy, 73 Pa. 182; Maurer's App., 86 Pa. 380; Fidelity Ins., etc., Co. v. Wurfflein, 15 W. N. C. 28; McCreary v. Bomberger, 151 Pa. 323; Lancaster v. Dolan, 1 Rawle, 231; Gordon v. Preston, 1 Watts, 385; Duval's App., 38 Pa. 112; Pennsylvania Co., etc., v. Austin, 42 Pa. 257.

OPINION BY MR. JUSTICE BROWN, March 5, 1906:

On July 9, 1889, Mary Bell Henry and James P. Henry, her husband, conveyed to Moses T. Johnson, in trust, her interest in certain real estate situated in Indiana and the city of Philadelphia. The uses and purposes for which the trustee was to hold the property are fully set forth in the deed conveying it to him, but they need not be recited, as they are not material in determining the question raised on this appeal, which is as to his power to borrow money as trustee and to pledge as security for its repayment a mortgage given to him as trustee. The words of the deed defining his power over the corpus of the estate are that he may " sell and convey in fee simple the whole or any part of the trust estate to

any person, persons or corporations, and re-invest the proceeds of the same or of the sale of any investment made therewith in real estate, ground rents or first mortgages, as he may deem best; provided, however, that the principal of the estate shall not become impaired or encumbered." On August 6, 1889, a second deed was executed by the same grantors to the same grantee, in trust, conveying to him the interest of Mrs. Henry in certain real estate situated in the city of Philadelphia. This conveyance was "under the same trusts and for the same uses and purposes and with the same powers as are given to the said Moses T. Johnson " by the deed of July 9, 1889, with the additional power of authorizing him to settle and adjust all claims for money advanced by George W. Purnell to either of the grantors.

On December 17, 1900, Moses T. Johnson, who had sold some of the real estate under the power conferred upon him, invested $5,250 of the trust funds in his hands in a first mortgage on property situated in the city of Philadelphia and owned by Harry S. Garrow, the mortgagor. On June 17, 1901, Johnson, as trustee, borrowed $3,000 from Julius C. Levi, trustee, the present appellee, and as collateral security for the repayment of the loan assigned to Levi the Garrow bond and mortgage for $5,250. Johnson borrowed the money for four years and six months, agreeing to pay Levi interest for the same at the rate of five per cent. per annum. After the expiration of that period the mortgage was to be reassigned to Johnson as trustee, upon the repayment, with interest, of the sum borrowed.

Johnson embezzled and appropriated to his own use the sum borrowed from Levi, and after his death, in January, 1902, the appellant was appointed trustee in his place. He filed this bill, praying that the assignment of the mortgage to Levi be declared illegal, null, void and of no effect; that Levi be enjoined and restrained from assigning and transferring it to anyone, and, after hearing, be directed to retransfer it to the plaintiff as an asset of the trust estate, which the former trustee had no power to transfer to him. The bill was dismissed by the court below on the authority of Lancaster v. Dolan, 1 Rawle, 231.

If the deeds in trust contained nothing more than an ab-

solute and unrestricted power in the trustee to sell the real estate of the grantors, and the pledging of the mortgage to Levi as collateral security for a loan made to Johnson as trustee is to be regarded as a mortgage by him, Lancaster v. Dolan would sustain the action of the court. But that case and the many following it as authority confine the rule of a power to mortgage under a power to sell strictly to deeds and wills in which there is an absolute and unrestricted power to sell, unaccompanied by an express restriction upon the power to encumber or mortgage. In Lancaster v. Dolan, and every case that follows it in which the power to mortgage has been sustained, no restriction on that power appears, and the limit to which the cases have gone is, that under a general and absolute power to sell there is implied authority to make a conditional sale through a mortgage.

The powers of a trustee are such only as the settlor or testator confers in his deed or will, and if he provides that the trustee may sell, but shall not encumber or mortgage, that direction is the supreme rule by which the trustee is bound; and whatever the trustee does in disregard of this direction cannot bind the estate committed to him. What reason the settlor of a trust may have in empowering the trustee to sell, and at the same time expressly withholding the power to encumber or mortgage, is not involved in determining what powers the trustee possesses. He possesses such as are expressly or impliedly conferred, but none that are expressly withheld. Here the words limiting the power of the trustee are, " the principal of the estate shall not become impaired or encumbered." What Johnson did as trustee was to encumber the principal of the estate in his hands by borrowing on the faith of it $3,000 from the appellee, and pledging as security for the repayment of the loan a part of the estate committed to him. It is true there was power to sell the properties for the purposes of the trust, but there was an express prohibition against borrowing on them, for he could borrow on them only by encumbering them. As this is what he did, in the face of an express direction that he should not do it, the rule announced in Lancaster v. Dolan had no bearing upon the question before the court below.

The learned judge very properly said that Levi was "put

upon inquiry to ascertain the authority of the trustee." In support of this, authorities need not be multiplied. It is well settled that a party taking stock on sale or pledge from a trustee deals with it at his peril, for there is no presumption of a right to sell it as there is in the case of an executor: Wood's Appeal, 92 Pa. 379. " A trustee stands upon a different footing from an executor or administrator, in regard to the transfer of stock. Administration is no part of his duties. His office is to hold and safely keep the trust funds, in accordance with the terms of the will or other instrument creating the trust. Sometimes it is to pay income to the parties entitled thereto, or to accumulate the same during a stated period. If he transfers securities, it must be in pursuance of an express authority contained in the trust itself, or by virtue of an authority implied from the nature of said trust, or the character of the securities in his hands:" Fesmire v. Shannon, 143 Pa. 201. In Schell v. Deperven, 198 Pa. 591, the trustee, eight years after the death of the testator and two years after the orphans' court had awarded certain stock to him, pledged the same as security for a loan alleged to be for the benefit of the estate. He embezzled the proceeds of the loan, and we said, through our Brother MESTREZAT : " While, as the court below finds, Deperven may have received the notes and the shares of stock held by him bona fide, yet that will not avail him in this contest in face of the fact that, if he had exercised due care and proper diligence, he would have ascertained the true condition of affairs, and that, as trustee, Sibbs had no right to pledge him the stock for the $1,400 loan. The failure to perform a duty, obligatory upon Deperven, and which would have protected him as well as the cestui que trust, deprives him of any right or claim to this stock, so far as it is held as security for the $1,400 note, and requires him to deliver it to the plaintiff."

The relief asked for in the bill should have been granted, for Johnson, as trustee, had no power to transfer the mortgage as security for a loan made to him, and Levi could have so ascertained upon an examination of the source of the trustee's power. Under the stipulation filed by the plaintiff the defendant is entitled to be credited with the dividends received, or to be received, from the estate of Johnson, amounting to

$1,527.56. The decree below is reversed, and it is now ordered, adjudged and decreed that Julius C. Levi, trustee for Fannie Levi, assign to Joseph W. Kenworthy, substituted trustee, the mortgage transferred to him by Moses T. Johnson, trustee, upon receiving from the said substituted trustee the said sum of $1,527.56, the costs below and on this appeal to be paid by the appellee.