## Kenworthy *v.* Equitable Trust Company, Appellant.

*Appeals—Final decree—Interlocutory decree—Quashing appeal—Assignments of error—Trusts and trustees.*

An order directing a decree to be prepared in accordance with the findings of the trial judge in an equity suit, is not a final decree from which an appeal may be taken.

Assignments of error setting forth certain conclusions of law by the court below, but without giving the language in which such conclusions are stated are bad; so also with an assignment which refers to more than one exception, and does not set out the exceptions referred to.

An assignment of error is bad which alleges that the court committed error in not making certain findings, when it appeared that the appellant presented no requests for such findings, and filed no exceptions to the findings of the trial judge.

The court quashed the appeal, but stated that the case was decided adversely to the appellant in Kenworthy v. Levi, 214 Pa. 235.

It is always the duty of one purchasing from a trustee, to look at the nature and extent of the trust.

Where a trust contains an express prohibition against incumbering the principal of an estate, a power to sell the trust estate does not include a power to mortgage it.

If a trustee buys the trust property even at a public sale, which is brought about, or in any way controlled by himself, he will he presumed to buy and hold for the benefit of the trust.

Argued March 26, 1907. Appeal, No. 67, Jan. T., 1907, by defendant, from decree of C. P. No. 5, Phila. Co., March T., 1903, No. 3,316, on bill in equity in case of Joseph W. Kenworthy et al. v. The Equitable Trust Co., Administrator for the Estate of Moses T. Johnson, deceased, et al. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Appeal quashed.

Bill in equity for an injunction.

On exception to the adjudication, MARTIN, P. J., filed the following opinion :

An interest in certain real estate, some of which was situate in the city of Philadelphia, and some in the state of Indiana,

became vested in Moses T. Johnson, under the terms of two deeds of trust in which James P. Henry and Mary Bell Henry, his wife, were the settlors. The trustee was required to pay a weekly sum to Robert J. Henry, a son, during his minority, and the balance of the net income to Mary Bell Henry for life, one of the settlors, with remainder to her issue.

He was authorized to sell the whole or any part of the estate, and reinvest the proceeds in real estate, ground rents or first mortgages "provided, however, that the principal of the estate shall not become impaired or incumbered."

The second deed conveyed an interest in the real estate described therein "under the same trusts, for the same uses and purposes and with the same powers," and directed the trustee to adjust and settle certain claims and to deduct fees, commissions and expenses from the principal of the estate and to pay the sum of $1,800 to each of the settlors.

Part of the real estate was sold by the trustee who invested $3,750 of the proceeds in a mortgage secured upon the premises 5221 Archer street in the city of Philadelphia. This mortgage was assigned to him as " Trustee for Mary Bell Bowen," that being then the name of the settlor Mary Bell Henry.

Foreclosure proceedings were instituted, judgment entered and the mortgaged property sold by the sheriff for $50.00 to Moses T. Johnson, who took the title from the sheriff in his own name.

Johnson subsequently executed a bond secured by the mortgage upon the property in the sum of $3,000, which was loaned to him by Ernest Schwehm, and applied this money to his own use.

Upon the death of Johnson, Joseph W. Kenworthy was substituted as trustee.

The Equitable Trust Company having been appointed administrator of Johnson's estate, presented a petition to the orphans' court praying for leave to sell the property 5221 Archer street as part of his estate to pay his debts, whereupon a bill in equity was filed by the substituted trustee to enjoin the sale and the foreclosure of the mortgage held by Schwehm, and praying that the title to the premises be decreed to be in the substituted trustee.

An answer was filed and the case duly tried. The trial judge

decided that the power of sale contained in the deed of trust conferred the right in the trustee to mortgage, and that the mortgage made to Schwehm was valid, and directed that the bill, so far as it related to him, should be dismissed.

Exceptions were filed on behalf of the substituted trustee.

The trust contained an express prohibition against incumbering the principal of the estate, and, therefore, the power to sell in the present instance did not include a power to mortgage: Kenworthy v. Levi, 214 Pa. 235.

It appears upon the record of the foreclosure proceeding that the plaintiff in the suit was " Moses T. Johnson, trustee for Mary Bell Bowen." Those who dealt with the title were apprised of the existence of a trust and it became a duty to ascertain its terms and conditions : Kenworthy v. Levi, 214 Pa. 235–239. Instead of making such investigation, the mortgagee was content with a declaration signed by Mary Bell Bowen that she has received her money in full from Moses T. Johnson, the trustee, for her entire interest in the mortgaged property 5221 Archer street, and that she had no claim or offset to make in the premises.

The exceptions of Joseph W. Kenworthy, substituted trustee, to the findings and conclusions of the trial judge are sustained.

Counsel to prepare a decree.

*Errors assigned* were in the following form :

The learned court below erred in finding that the trustee had no power to mortgage subsequent acquired real estate.

The learned court below erred in concluding, as a matter of law, that the defendant, Schwehm, had notice of the deeds of trust.

The learned court below erred in concluding as a matter of law that the defendant, Schwehm, was bound by constructive notice of the terms of the deeds or trust.

The learned court below erred in sustaining the plaintiff's exceptions to the trial judge's finding.

The learned court below erred in not finding that the defendant, Schwehm, was entitled to his mortgage and that it was a valid lien upon the premises 5221 Archer street.

*Henry J. Scott*, with him *Anthony A. Hirst*, for appellant.

*Jacob Singer,* with him *Emanuel Furth,* for appellee.

OPINION BY MR. JUSTICE POTTER, May 20, 1907:

The record in this case shows that no final decree had been entered when the appeal was taken. Nor is the entry of any decree assigned for error. Under the authority of Watkins v. Hughes, 206 Pa. 526 and other cases there cited, this appeal should be quashed. Not one of the five assignments of error filed is in accordance with the rules. The first three assign certain conclusions of law by the court below, but they do not give the language in which those conclusions were stated. They merely give counsel's ideas as to the effect of that language. Moreover, the court's legal conclusions are not assignable for error, in the absence of a decree: Fitzpatrick v. Engard, 175 Pa. 393. The fourth assignment is bad, in that it refers to more than one exception and also because the exceptions referred to are not set out: Fitzpatrick v. Engard, 175 Pa. 393. The fifth assignment is bad because it alleges that the court committed error in not making certain findings, when appellant presented no requests for such findings and filed no exceptions to the findings of the trial judge: Beatty v. Harris, 205 Pa. 377; Swope v. Snyder, 209 Pa. 352. But if we disregard these irregularities, and look at the merits, it is apparent that the principal question in the case was decided adversely to appellant in Kenworthy v. Levi, 214 Pa. 235. That case involved the construction of the same deed of trust which is here in question. It was there held that the words, "provided, however, that the principal of the estate shall not become impaired or incumbered," took the case out of the rule of Lancaster v. Dolan, 1 Rawle, 231, and the decisions which follow it. Justice BROWN said (p. 238): "It is true there was power to sell the properties for the purpose of the trust, but there was an express prohibition against borrowing on them, for he could borrow on them only by incumbering them. As this is what he did, in the face of an express direction that he should not do it, the rule announced in Lancaster v. Dolan had no bearing upon the question before the court below."

In Kenworthy v. Levi, the trustee had assigned a mortgage for a loan. There was no doubt but that the trustee would

have had the power to sell and assign the mortgage absolutely. But it was held that under the restriction in the deed, he could not borrow upon it and, therefore, the collateral assignment was invalid.

If the trustee had no power to borrow upon the security of the mortgage, it necessarily follows that after the mortgage was foreclosed and the mortgage property conveyed to him by the sheriff, he could not borrow upon that security any more than upon the mortgage itself. So even if appellant is correct, and the property is to be regarded as personalty in the hands of the trustee, he would have no power to incumber it by a mortgage. If it is to be regarded as real estate, the same result follows. Certainly this is so if the mortgagee had notice of the trust. Appellant admittedly had notice that Johnson was a trustee for Mary Bell Bowen. He obtained and rested content upon a release from her. But inquiry or examination of the record of the trust deed would have shown that Mrs. Bowen had only a partial interest for life, and that the remainder was vested in her children. He would also have found that the trustee was expressly prohibited from impairing or incumbering the principal of the estate. It is always the duty of one purchasing from a trustee to look at the nature and extent of the trust. " He may have the legal title, and yet have no authority to sell. His sale may be entirely unauthorized by the instrument that created the trust; it may have been forbidden : Bayard v. Farmers' & Mechanics' Bank, 52 Pa. 232 (237).

" One who buys property from a trustee may or may not know that it belongs to an estate or is otherwise affected with a trust. In the latter case, where the circumstances are such as to put a prudent man on inquiry as to the character of the property conveyed, a court of equity regards such circumstances as constituting constructive notice and imputes to the purchaser a knowledge of all facts that such inquiry would have revealed. And where he knows or is chargeable with knowledge of the nature of the estate, it is his duty to go further and ascertain the nature and extent of the trustee's power, in order that he may know whether or not he is violating his trust and misapplying the property in any way. . . . Ordinarily, the words ' trustee ' or 'in trust' or 'guardian,'

contained in a deed, mortgage, assignment or indorsement, are deemed sufficient to put a transferee on inquiry:" 28 Am. & Eng. Ency. of Law (2d ed.), 1128–29.

There is no question in this case that Moses T. Johnson continued to hold the property purchased by him at sheriff's sale as trustee for the same purpose and with the same powers and limitations as were defined in the original trust deed.  As was said by Chief Justice MITCHELL in Church v. Winton, 196 Pa. 107 : " If a trustee buys the trust property even at a public sale, which is brought about or in any way controlled by himself, he will be presumed to buy and hold for the benefit of the trust."

Having had notice of the existence of the trust before he made the loan to Johnson, it was the duty of the appellant to inform himself of the nature and extent of the trust, and the limits of the power of the trustee.

The appeal is quashed.