# Odd Fellows Home of Pennsylvania, Appellant, *v.* Velenchick Bros.

*Corporations—Treasurer—Use of corporate money.*

Where a treasurer of a corporation gives the check of his corporation, signed by him as treasurer, in exchange for another check payable to his own order by a partnership which was endorsed by the treasurer individually and cashed by him, the partnership is put upon inquiry as to the authority of the treasurer to use the corporate funds, and if it fails to make such inquiry and the treasurer is in fact without authority, the partnership will be liable to the corporation to the amount of such check.

In an action to recover the amount of such check wrongfully issued by the treasurer of the corporation, the case is for the jury where the evidence establishes the fact that the defendants had no business or corporate transactions with the plaintiff, and that under the circumstances they must have known that the treasurer of the plaintiff company was using the corporate funds for his personal and private ends and were put upon inquiry as to his authority for such use, but did not make any such investigation.

Submitted October 6, 1919. Appeal, No. 290, Oct. T., 1918, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., June T., 1917, No. 2000, in the case of the Odd Fellows Home of Pennsylvania v. Hyman Velenchick and Samuel Velenchick, trading under the firm name of Velenchick Bros. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ. Reversed.

Assumpsit to recover money alleged to have been wrongfully received. Before ROGERS, J.

154 ODD FELLOWS HOME *v.* VELENCHICK BROS.

Assignment of Error—Opinion of the Court. [73 Pa. Superior Ct.

The facts appear in the opinion of the Superior Court. The court directed a verdict for the defendants. Plaintiff appealed.

*Error assigned* was in giving binding instructions in favor of the defendants.

*C. B. D. Richardson,* for appellant.—The defendants were put upon notice by the action of the treasurer: Schmitt v. Potter, 61 Pa. Superior Court, 301; Brown v. Pettit, 178 Pa. 17; Purdy v. Powers, 6 Barr 492.

*Bernard R. Cohn,* for appellee, cited: Gunster v. Scranton Illuminating Co., 181 Pa. 327; Allegheny City v. McGlurkin, 14 Pa. 81; Dougherty v. Hunter, 54 Pa. 380.

OPINION BY KELLER, J., December 1, 1919:

The plaintiff is a corporation of the first class, admitted by the pleadings to be a "charitable corporation." The defendants are engaged in the leaf tobacco business. The present action was brought to recover from the defendants the sum of four checks, aggregating $658, drawn by one Batroff, as treasurer of the plaintiff corporation, to the order of the defendants, and paid out of the corporate funds, for the individual benefit of said Batroff and without any authority or direction of the plaintiff company or any benefit or advantage accruing to it.

It was admitted that the plaintiff company had no business dealings whatever with the defendants. The circumstances under which the checks were delivered by Batroff, the plaintiff's treasurer, to the defendants were detailed by Samuel Velenchick, one of the defendants, substantially as follows: Batroff, who was an old business acquaintance of the defendants, asked them for his accommodation to exchange checks, and keep his check two or three days before presenting it for payment.

Velenchick agreed to do so and gave Batroff their check payable to his individual order and received in return from Batroff, the check of the plaintiff corporation for the same amount signed by him as treasurer. This check was held by the defendants for several days and was then deposited to their credit in bank and paid through the clearing house. The check given to Batroff was endorsed by him individually and was cashed by him or went to his personal credit in bank, the plaintiff receiving no benefit from it. The practical effect of each transaction was a loan by the defendants to Batroff personally of the amount of their check, made the day of its delivery, and its repayment several days later with the proceeds of the check drawn against the plaintiff's bank account by Batroff as treasurer, which had been left with the defendants as security for the loan on the understanding that it was not to be used for several days after its delivery.

In the case of Schmitt v. Potter Title and Trust Co., 61 Pa. Superior Ct. 301, we held that where the treasurer of a corporation borrows money from a trust company and pays the interest on the loan by checks signed by him as treasurer of his corporation and made payable to the trust company, the latter company is put upon inquiry as to the authority of the treasurer to use the corporate funds for that purpose, and if it fails to do so and the treasurer is in fact without authority, the trust company will be liable to the corporation in the aggregate amount of such checks.

The principle underlying this decision is not limited in its application to cases where the corporate funds were used to pay an existing indebtedness of the treasurer or other official. It is broader in its scope.

In Brown v. Pettit, 178 Pa. 17, (a partnership case, but the same principle applies to corporations), it was held that where a partner makes a promissory note in his own name payable to the order of his firm and endorses the name of the firm on the note and requests a

bank to discount the note and place the proceeds of the discount to his personal credit on the books of the bank, the bank has notice of such irregularity as imposes upon it the duty of inquiry as to whether the maker had authority from the firm to endorse the note with the firm name and procure its discount for his personal use. See also: Cooper v. McClurkan, 22 Pa. 80; Tanner v. Hall & Easton, 1 Pa. 417; National Bank v. Insurance Co., 104 U. S. 54; Ward v. City Trust Co., 192 N. Y. 61, 84 N. E. 585.

On similar grounds one who is put upon notice that a trustee is using securities belonging to the trust estate for his own private purposes, deals with him with reference to such securities at his peril: Schell v. Deperven, 198 Pa. 591; Kenworthy v. Levi, 214 Pa. 235; Kenworthy v. Equitable Trust Co., 218 Pa. 286; Loring v. Brodie, 134 Mass. 453.

The question which confronts a jury under circumstances similar to the facts in this case,—and where there is more than a scintilla of evidence is for them alone to decide,—is, should the payee of a check drawn by the treasurer of a corporation against its corporate funds reasonably have known that the drawer of the check was using the funds of the corporation for his own personal and private purposes, and if so, did he make inquiry as to the treasurer's authority so to apply the corporate funds?

There were ample circumstances connected with the transactions in this case from which a jury might find that the defendants were put upon notice at the time they received the checks signed by Batroff, as treasurer of the plaintiff company, that he was using these corporate funds for his own personal and private purposes, and it was admitted that they had made no inquiry as to his authority to do so. The question should, therefore, have been left to the jury and it was error for the trial judge to give binding instructions to find for the defendants.

The court could not hold that the defendants were misled by the failure of the plaintiff company to audit the corporate bank account and object to the earlier transactions, for Velenchick testified that he made no inquiry from the officers of the Odd Fellows' Home and "never knew they had anything to do with the checks, nobody but Mr. Batroff." The plaintiff company would be estopped from recovering its funds only if it were shown that the payee had been misled by its negligence or that the directors had knowledge of the treasurer's unlawful acts or that the corporation had benefited from such acts: Schmitt v. Potter Title & Trust Co., supra.

In the case principally relied upon by the appellee, Gunster, Assignee, etc., v. Scranton Illuminating Co., 181 Pa. 327, the proceeds of the note sued upon went to the credit of the company on the plaintiff bank's books, and were paid out by the bank in the regular course of business on checks duly signed by the treasurer of the corporation and the mere fact that he happened to be vice-president of the bank, and as such signed drafts given for the company's checks, did not put the bank upon notice that the treasurer was misapplying the corporate funds.

As stated before, the defendants had no business or corporate transactions with the plaintiff and if they knew or should have known that the treasurer of the plaintiff company was using the corporate funds for his private and personal ends, they were put upon inquiry as to his authority for such use. The authority of the treasurer to sign checks for the plaintiff company did not carry with it the authority to embezzle its funds.

The assignments of error are sustained, the judgment is reversed and a venire facias de novo is awarded.