## SAPERSON v. BURSTEIN.

### In re LOOBY'S, Inc.

(Circuit Court of Appeals, Third Circuit. August 18, 1921.)

No. 2688.

1. Corporations ⊂═430—Where officer negotiates, to pay personal debt, unauthorized note, corporation may recover amount from third person, accepting it with notice.

Where an officer executes a note in the name of the corporation without authority, and negotiates it to pay his personal debt to a third party, who accepts note with knowledge of the facts, the corporation can recover the amount of the note from the third party.

2. Bankruptcy ⊂═145(1)—Amount of notes of purchaser of corporation, executed in corporation's name to former owner, who used proceeds to pay corporation's subsequent indebtedness, not recoverable from former owner by trustee in bankruptcy.

Where it was agreed between owner of a corporation and purchaser of its business, to enable purchaser to retain lease, that purchaser should buy the fixtures, lease, and merchandise on hand, and that the owner of the corporation should pay the existing indebtedness and transfer the corporate stock to the purchaser, and such owner, in part payment of the amount due from purchaser, took notes executed by purchaser in the name of the corporation in an amount much less than the amount of indebtedness assumed, discounted the notes, and used proceeds to pay the balance of the corporation's indebtedness, so that as a result of the transaction the indebtedness of the corporation was the amount of such notes, instead of the much greater indebtedness assumed, the corporation's trustee in bankruptcy could not recover amount of notes from former owner, on theory that he took the corporation's unauthorized notes to pay personal debt of such purchaser.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Willard W. Saperson, trustee in bankruptcy of Looby's, Incorporated, against Harry Burstein. Judgment for defendant, and plaintiff brings error. Affirmed.

Hepburn, Carr & Krauss, of Philadelphia, Pa. (Simon Fleischmann, of Buffalo, N. Y., of counsel), for plaintiff in error.

Bertram D. Rearick, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. This was an action brought by a trustee in bankruptcy of a bankrupt corporation to recover money in payment of two notes made by the corporation and indorsed by the defendant.

The corporation, Ryan's, Incorporated, operated a retail store in Buffalo. The name was changed to Looby's, Incorporated, which was adjudicated a bankrupt on May 16, 1917, and the defendant was elected trustee shortly thereafter. There were 150 shares of capital stock of the corporation, of the par value of $100 each. Of these the defendant owned 118 shares, his son 2, and A. J. Dransch the remaining 30 shares.

⊂═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

James M. Looby desired to have the business and location in Buffalo of the corporation. In order to retain the lease on the location, it was agreed on May 14, 1916, in a written instrument between him and the defendant, that Looby should purchase all the stock and merchandise, and Burstein should pay the indebtedness of the corporation. For the fixtures and lease he was to pay $9,500 and 85 per cent. of inventory price of the merchandise on hand. The inventory amounted to $9,218.-93, 85 per cent. of which was $7,853.46. This, together with adjustments on some bills due the corporation and on insurance policies, amounted to $8,267.85, making in all $17,767.85. A payment of $500 was made by Looby at the execution of the agreement, leaving a balance of $17,267.85.

On July 31, 1916, Looby paid $13,000 in cash, and paid the balance with two notes, one for $2,000, and one for $2,267.85 signed by the corporation and indorsed by Looby and George A. Keating, his associate. The capital stock at the same time was transferred to Looby and his associates. The new stockholders were made directors, and Burstein and Dransch executed a written guaranty that there were no outstanding debts, and agreed to pay any existing bills that might appear. The $13,000, the proceeds of the two notes after discount, and the balance, $1,135.66, to the credit of the corporation in bank, were deposited to the credit of the defendant in a bank in Buffalo, with written authority to it to pay from that account all outstanding debts of the corporation of that date. The debts amounted to $12,898.87, and were paid out of that account.

Shortly after these notes were given, and the stock of the corporation was transferred to James M. Looby and his associate, the name of the corporation was changed from Ryan's, Incorporated, to Looby's, Incorporated. The notes, given on July 31, 1916, matured in four months, and were paid out of corporate funds.

[1] The trustee instituted this suit to recover from the defendant the amount of the two notes, on the theory that James M. Looby executed them in the name of the corporation without authority, and negotiated them to pay his personal debt to the defendant, who accepted them with knowledge of these facts. This theory is sound in principle and finds support in the cases of Odd Fellows v. Velenchick Bros., 73 Pa. Super. Ct. 153; Manhattan Web Co. v. Aquidneck National Bank (C. C.) 133 Fed. 76. If the facts of the case support the theory, the judgment must be reversed.

It is to be observed that fraud in the case was not charged, proved, or even hinted. The transaction, which has been described as "crudely carried out," was conceived by the parties as the best means of effecting a sale of Ryan's, Incorporated, to Looby, and at the same time of preserving the desirable lease on the property. Not a detail in the entire transaction was concealed from any one. Every person who had any interest in Ryan's, Incorporated, or Looby's, Incorporated, not only knew the facts, but approved them.

[2] The assets, which seem to be fairly estimated, of Ryan's, at the time this transaction began, according to the facts as they appear from

the stipulation, were $17,767.85, which was made up as follows: Fixtures and lease, $9,500; merchandise, etc., $8,267.85; and "hand money," $500. The liabilities were $12,898.87. Its real value, therefore, was $4,868.98. In the transaction its indebtedness was reduced to $4,267.85, represented by the notes. In other words, the defendant paid on the indebtedness of the corporation $8,631.02 of his own money, and paid the balance of its indebtedness with the proceeds of the two notes, which the corporation met at maturity. Instead of owing small bills aggregating $4,267.85 to various creditors, the corporation owed the entire amount to the bank, which discounted the notes. At the beginning of the transaction the corporation was worth $4,868.98, the difference between the assets and liabilities; at the close it was worth $13,500. It was benefited by the transaction to the extent of $8,631.02. The facts, therefore, do not support the theory upon which proceedings were instituted. Neither the corporation as it originally existed, or with its changed name, nor those who thereafter became creditors, have any ground for complaint because of the transaction.

It follows that the judgment of the District Court must be affirmed.