490 A.2d 910

**Alexander D. PERSON and Sharon D. London Person, his wife, Appellants,**

**v.**

**C.R. BAXTER REALTY COMPANY**

**v.**

**EDWARD P. CARROLL CONSTRUCTION COMPANY, LTD.**

**Alexander D. PERSON and Sharon D. London Person, his wife, Appellants,**

**v.**

**Thomas R. SMITH and Margaret E. Smith, his wife, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 17, 1984.

Filed March 29, 1985.

538

John P. Lawler, Stroudsburg, for appellants.

Harry A. Vican, Stroudsburg, for appellee.

Before WIEAND, DEL SOLE and POPOVICH, JJ.

WIEAND, Judge:

Alexander Person and Sharon Person, husband and wife, purchased from Thomas Smith and Margaret Smith, husband and wife, a residential dwelling in Monroe County. After the Persons had taken title and moved into the property, they discovered that the dwelling was structurally unsound. Not only was there an inadequate foundation, but there had also been extensive rotting of floor joists, wall studs and exterior sheathing. The roof also leaked. They commenced an action against the sellers alleging fraud and deceit for having failed to disclose the existence of structural defects. They also brought an action in assumpsit against Edward P. Carroll Construction, Co., Ltd., alleging that it had negligently performed a contract to inspect the structural condition of the dwelling prior to

closing.[1]  The actions were consolidated for trial before a jury.  At the close of the evidence, the trial court entered directed verdicts in favor of all defendants.  This appeal followed.  We reverse.

In *Quashnock v. Frost,* 299 Pa.Super. 9, 445 A.2d 121 (1982), this Court adopted the modern view "that where there is a serious and dangerous latent defect known to exist by the seller, then he must disclose such defect to the unknowing buyer or suffer liability for his failure to do so." *Id.,* 299 Pa.Superior Ct. at 17–19, 445 A.2d at 125 (footnotes omitted).

The plaintiff-appellants introduced evidence that the house was in danger of collapse.  Mrs. Person, in fact, had fallen when a floor board broke under her foot.  There was also evidence that the sellers had been aware of the defective condition of the home and had been attempting to "unload" it.  The evidence showed that the sellers had not disclosed to the buyers that the home was structurally unsound.

A directed verdict can properly be granted by a court only if the facts are clear and free from doubt. *Correll v. Werner,* 293 Pa.Super. 88, 90, 437 A.2d 1004, 1005 (1981).  In ruling on a motion for directed verdict, a court must "accept as true all facts and proper inferences which tend to support the contention of the party against whom the motion has been made and must reject all testimony and inferences to the contrary." *Thomas v. Allegheny & Eastern Coal Co.,* 309 Pa.Super. 333, 339, 455 A.2d 637, 639 (1982).  Accord: *Correll v. Werner, supra.*

When we review the record in this case and apply thereto the law existing in this Commonwealth, we are led inexorably to the conclusion that appellants' evidence of fraud and deceit by the sellers was sufficient to create a jury issue.  The trial court was in error, therefore, when it

1.  The realtor, C.R. Baxter, was also named as a defendant in this action, but he was subsequently excused and released.

took the case from the jury and entered a directed verdict in favor of the seller-defendants.[2]

■ The trial court also erred when it entered a directed verdict in favor of the contractor. The court entered the directed verdict, it explained, because it believed there had been no contract between the buyers and the contractor. This was erroneous.

The evidence showed that, after signing an agreement of sale, appellants had requested the realtor to obtain for them a contractor to inspect the premises prior to closing. The realtor obtained the services of the defendant, Edward P. Carroll Construction Co., Ltd., who inspected the premises and submitted a written report. This report, delivered to appellant-buyers by the realtor, opined that the property was in good condition. The contractor was paid for his inspection at the time of closing with moneys paid by the buyers. This evidence, if believed, was sufficient to show that the realtor had been acting as the buyers' agent in employing the contractor to inspect the property being sold. This was particularly so in view of the fact that the contractor had been paid by the buyers. The testimony of the contractor's president that the check had not been cashed and that the inspection had been made gratuitously was not an adequate reason for entering a directed verdict against the appellant-buyers. "Where inferences are not entirely clear, questions of agency are for the jury's determination." *Schneider v. Albert Einstein Medical Center, Northern Division*, 257 Pa.Super. 348, 365–366, 390 A.2d 1271, 1280 (1978). Accord: *Tonsic v. Wagner*, 458 Pa. 246, 329 A.2d 497 (1974). It was error, therefore, to enter a directed verdict in favor of the contractor on grounds that the buyers had not contracted directly with him.

**2.** The trial court rested its entry of a directed verdict, at least in part, on evidence produced by appellees that the building had been structurally sound. The court also expressed the opinion that the sellers had been truthful when they said they had had no knowledge of any defects. It was not within the province of the court to weigh the conflicting evidence when it ruled upon appellees' motion for directed verdict. When it did so, it usurped the function of the jury.

Because there was evidence from which a jury could find liability against both sellers and contractor, it was improper to enter directed verdicts in their favor.

Reversed and remanded for a new trial. Jurisdiction is not retained.