660 A.2d 623

DELAWARE VALLEY FACTORS, INC.

v.

Donald J. RONCA, Maryanne S. Ronca, and Frank J. Bianco, Trustee of the Donald J. Ronca and Maryanne S. Ronca Trust.

Superior Court of Pennsylvania.

Submitted April 18, 1995.

Filed June 26, 1995.

magistrate, his subjective knowledge and intent in so doing would appear to be irrelevant.

610

Thomas J. Maloney, Bethlehem, for appellant.

Steven Goldman, Quakertown, for appellee.

Before WIEAND, BECK and HOFFMAN, JJ.

WIEAND, Judge:

The issue before the trial court in this action of mortgage foreclosure was the validity of a mortgage executed by a trustee and creating a lien on trust property. The trial court, after hearing evidence, determined that the mortgage was valid as a matter of law and directed a verdict in favor of the foreclosing mortgagee. After review, we affirm.

On September 26, 1976, Donald J. Ronca and Maryanne S. Ronca executed an irrevocable trust agreement, subsequently recorded, for the benefit of their six children. The trust res included the Roncas' residence at 1525 Moravia Street, Bethlehem, Lehigh County, and the shares of stock of Fountain Hill Millwork Co. The term of the trust was to end on September 23, 1989, when title to the trust property was to revert to Donald and Maryanne Ronca.

In 1988, while the trust remained in effect, Donald Ronca negotiated a loan of $125,000 from Delaware Valley Factors, Inc. (DVF) on behalf of Fountain Hill Millwork Co. As security, DVF required a mortgage on the Ronca residence. This mortgage was executed by Frank Bianco, the trustee, after DVF and the trustee's lawyer had examined the trust instrument. The loan transaction was thereafter completed, and the proceeds of the loan were advanced.

The loan went into default in February, 1989, and an action of mortgage foreclosure was instituted in September, 1990. A default judgment was entered against all defendants on November 8, 1990, and the residence was scheduled for sheriff's sale on March 22, 1991. Prior to sale, however, the default judgment against Maryanne Ronca was stricken because of an improper service of the complaint.[1] Thereafter, the foreclosure action against Maryanne Ronca was tried and resulted in the directed verdict presently before this Court for review.

A directed verdict may issue in a mortgage foreclosure action if the issue turns upon a question of law and not on a

---

1. The default judgments against Donald Ronca and Frank Bianco, the trustee, were not removed.

disputed fact. *First Trust Co. v. Philadelphia Pure Rye Whiskey Distilling Co.*, 327 Pa. 145, 192 A. 393 (1937).

> A motion for a directed verdict admits as true all facts and proper inferences from testimony which tend to support the opposing party's case, and rejects all testimony and inferences to the contrary.

*Morton v. Borough of Ambridge*, 375 Pa. 630, 633, 101 A.2d 661, 662 (1954). Such a motion can properly be granted by a court only if the facts are clear and free from doubt. *Person v. C.R. Baxter Realty Co.*, 340 Pa.Super. 537, 540, 490 A.2d 910, 911 (1985). On a motion for directed verdict, the trial court must consider the facts in the light most favorable to the party against whom the motion is being made. *Cooke v. Travelers Insurance Co.*, 350 Pa.Super. 467, 471, 504 A.2d 935, 936 (1986). It is not within the province of the trial court to weigh conflicting evidence when ruling upon a motion for directed verdict as credibility is a jury question. *Person v. C.R. Baxter Realty Co., supra,* 340 Pa.Superior Ct. at 541 n. 2, 490 A.2d at 912 n. 2. *Lilley v. Johns–Manville Corp.*, 408 Pa.Super. 83, 103, 596 A.2d 203, 213 (1991). See also: *Thompson v. Maryland & Pa. R.R. Preservation Soc'y*, 417 Pa.Super. 216, 222, 612 A.2d 450, 453 (1992).

 A trustee acts in a representative capacity, and third parties dealing with a trustee are bound to be cognizant of his or her powers. *Spivak v. Bronstein*, 367 Pa. 70, 74–75, 79 A.2d 205, 207 (1951); *Clark v. Provident Trust Co. of Philadelphia*, 329 Pa. 421, 426, 198 A. 36, 39 (1938). See also: *Kenworthy v. Equitable Trust Co.*, 218 Pa. 286, 291, 67 A. 469, 470 (1907); *Kenworthy v. Levi*, 214 Pa. 235, 239, 63 A. 690, 691 (1906); *Bayard v. Farmers' & Mechanics' Bank*, 52 Pa. 232, 237 (1866). A trustee can properly exercise only such powers as are conferred upon him or her in specific words by the terms of the trust or are necessary to carry out the purposes of the trust and are not forbidden by the terms of the trust. *Hartje's Estate*, 345 Pa. 570, 574, 28 A.2d 908, 910 (1942); Restatement (Second) of Trusts § 186. "[A]n abuse of the trust can neither give nor take away a right; and those who

claim by it as volunteers or with notice, stand on a level with the delinquent trustee." *Harrisburg Bank v. Tyler,* 3 Watts & Serg. 373, 377 (1842).

The provisions of the Ronca trust agreement expressly authorized the trustee to "mortgage ... the property of trust ... to the same extent and with the same powers which any individual would have in respect to his own property and funds." The powers of the trustee, however, were limited as follows:

> 5. *Limitation on powers.* Notwithstanding anything herein contained to the contrary, no powers enumerated herein or accorded to trustees generally pursuant to law shall be construed to enable the Grantors or the Trustee, or any of them, or any other person to purchase, exchange, or otherwise deal with or dispose of the principal or income of the trust created by this agreement for less than an adequate or full consideration in money or money's worth ...

The issue before the trial court was not whether the trustee had exercised due care in mortgaging the real estate but whether he had had the power to execute and deliver a valid mortgage. With respect to that issue, it seems clear that the language of the trust agreement authorized the trustee to mortgage the principal of the trust. Appellant contends, however, that the mortgage was without consideration and, therefore, was unauthorized because the proceeds of the mortgage loan were paid to Fountain Hill Millwork Co. and were not used to improve the trust res. This argument, however, is flawed. It overlooks that the shares of stock of Fountain Hill Millwork Co. were also a part of the trust res. It is clear that it was anticipated by the parties that the value of the stock would be enhanced by the company's use of the loan proceeds. Courts generally will not inquire into the value of consideration where it is clear that adequate consideration exists, *Thomas v. Thomas Flexible Coupling Co.,* 353 Pa. 591, 598, 46 A.2d 212, 216 (1946); *Krosnar v. Schmidt Krosnar McNaughton Garrett Co.,* 282 Pa.Super. 526, 537, 423 A.2d 370, 375 (1980), and in this case the trial court also declined to do so. We perceive no error therein.

■ It is clear beyond peradventure that appellee advanced $125,000 in the form of a loan and took as security for the repayment thereof a mortgage on the Moravia Street property. The record is also clear that appellee had no reason to believe that the trustee's mortgaging of the trust real estate constituted a breach of trust. Therefore, "the convenience of trade does not allow a [bona fide] transaction to be unravelled." *Harrisburg Bank v. Tyler, supra* at 378. See also: *George v. Richards,* 361 Pa. 278, 283, 64 A.2d 811, 813 (1949); *Consumers Produce Co., Inc. v. Volante Wholesale Produce, Inc.,* 16 F.3d 1374 (3d Cir.1994); Restatement (Second) of Trusts §§ 284 and 297.

Affirmed.[2]

BECK, J., concurs in the result.

---

**2.** In holding, as we do, that the mortgage is valid, we express no opinion regarding the trustee's personal liability, if any, for a possible breach of his fiduciary duties.