## Colonna *v.* Morrissey.    Zeh, Appellant.

*Attachment execution—Proof of debt of garnishee—Payment by promissory note—Evidence.*

On the trial of an issue raised in an attachment-execution, where the only evidence of the debt of the garnishee, is the testimony of the latter, to the effect that prior to the attachment, he owed the debtor a certain sum, which he paid with a promissory note, which was afterwards discounted in due course, it is error, in the absence of any proof of fraud, to submit to a jury, the questions of whether or not the note was given in payment of the original debt upon the day it bore date, and whether the note was paid, when it became due, to a bona fide holder without notice before its maturity.

Money owing upon a promissory note is liable to be attached in the hands of the maker before maturity at the suit of a creditor of the payee or holder, but such attachment is subject to the rights of a bona fide holder for value without notice.

*Promissory notes—Fraud—Presumption.*

Fraud is not to be presumed, in the absence of any evidence or circumstances tending to warrant a finding that it exists.

Argued October 18, 1918.    Appeal, No. 264, October T., 1918, by garnishee, from judgment of Municipal Court of Philadelphia, August T., 1915, No. 373, on verdict for plaintiff in case of Frank Colonna v. Edwin Morrissey and John F. Zeh, Garnishee.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Reversed.

Issue in attachment execution.    Before KNOWLES, J.

At the trial, the only evidence as to whether there was any money of the defendant in the hands of the garnishee at the date of the writ, was contained in the testimony of the garnishee himself.    The material portion of this testimony is set forth in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $400.    Garnishee appealed.

200, (1919).] Assignment of Error—Opinion of the Court.

*Error assigned,* among others, was refusal of garnishee's motion for judgment n. o. v.

*Frank H. Warner,* for appellant.—The plaintiff did not prove that there was any money in the hands of the garnishee, owing to the defendant: Caldwell v. Coates, 78 Pa. 312; Hyatt v. Johnson, 91 Pa. 196; McCarthy v. Scanlon, 176 Pa. 262; Lehigh Valley Railroad Company v. Beatty, 26 W. N. C. 118.

*Abraham Wernick,* for appellee, cited: Fessler v. Ellis, 40 Pa. 248; McCafferty v. R. R. Co., 193 Pa. 344; Reel v. Elders, 62 Pa. 308; Nesbit v. Herbert, 56 Pa. Superior Ct. 38; Klein v. Cohen, 25 Pa. Superior Ct. 621.

OPINION BY PORTER, J., July 17, 1919:

The plaintiff having obtained a judgment against Edward Morrissey caused an execution attachment to be issued summoning John F. Zeh, as garnishee. He recovered a verdict and judgment against the garnishee and the latter appeals. The plaintiff offered at the trial no evidence other than that of the testimony of the garnishee, whom he called for cross-examination. The testimony thus elicited disclosed that Zeh and Morrissey, the defendant, had certain business transactions which had terminated prior to July 24, 1915, upon which day they had a settlement and it was found that there was a balance due Morrissey of four hundred ($400) dollars, for the amount of which balance Zeh gave to Morrissey his negotiable promissory note, bearing the date July 24, 1915, payable three months after date. The witness testified that under the contract between him and Morrissey this last payment was to be made by a note and that the note which he gave closed the transaction. He further testified that Morrissey, upon the same day that the note was given, sold it to the North Western Trust Company and that when the note became due in October he (Zeh) paid the amount of the note to the trust com-

pany, he produced the cancelled note, which was offered in evidence. This was the only evidence produced by the plaintiff tending to show that the garnishee ever had been indebted to Morrissey at or about the time the execution attachment was served on September 23, 1915. The defendant called as a witness Joseph E. Houseworth, who seemed to be wholly disinterested, and who testified that he had, at the request of Morrissey, endorsed the note in question upon the day of its date and gone with Morrissey to the North Western Trust Company where Morrissey sold it to the trust company and that the witness had made out for him the check by which he drew the money from the trust company. The written contract under which the indebtedness had arisen was offered in evidence and disclosed that the payment in question was to be made by a note at three months. The learned judge charged the jury that if they believed the witness Zeh was telling the truth their verdict should be in favor of the garnishee, but if, on the other hand, they did not believe he was telling the truth, then they should determine how much money was in his possession at the time of the issuing of this attachment, "and bring in a verdict for the plaintiff as against the garnishee for this $400 or such an amount as you may believe was in the possession of the garnishee at the time." Under this instruction the jury found a verdict in favor of the plaintiff and against the garnishee in the sum of four hundred ($400) dollars.

There was not outside of the testimony of Zeh a scintilla of evidence that he was indebted to Morrissey. Zeh had testified that he had, on July 24, 1915, given Morrissey a note for four hundred ($400) dollars payable three months after date, which note was not due until after the execution attachment was served upon him. Money owing upon a promissory note is liable to be attached in the hands of the maker before maturity at the suit of a creditor of the payee or holder, but such attachment is subject to the rights of a bona fide holder for value without notice: Bell v. Binding & Mailing Co., 10 Pa. Su-

perior Ct. 38. The learned counsel for the appellee seems to suggest that the giving of the note did not constitute payment of the debt of Zeh to Morrissey, but the answer to this is that the contract out of which the indebtedness arose provided that the payment should be made by a note. When, therefore, the note was given, as by the contract required, the obligation of the contract was satisfied. It is further argued that the note may have been given after the execution attachment was served and dated back, so as to defeat the attachment. There was not in the case any circumstance which could give rise to even a reasonable suspicion of fraud. The note was produced, it had been discounted by the North Western Trust Company and it bore the endorsement of Joseph E. Houseworth, who testified that he had endorsed it upon the day that it bore date and had assisted Morrissey in having it discounted. Fraud is not to be presumed in the absence of any evidence or circumstances tending to warrant a finding that it exists: Burke v. Burke, 240 Pa. 379. Under the circumstances disclosed by the undisputed evidence, we think the learned judge erred in submitting to the jury the question whether the note was given in payment of the original debt, upon the day it bore date, and whether the note was paid when it became due to a bona fide holder without notice before its maturity: Lehigh Valley R. R. Co. v. Beatty, 26 W. N. C. 118. The verdict of the jury involved a capricious disregard of the evidence upon a question which ought not to have been submitted to them.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of the defendant garnishee non obstante veredicto.