Edmunds, Appellant, *v.* Barascope Corp. et al.

174

Argued October 12, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Charles A. Wolfe,* and with him *Lucien B. Carpenter* and *Robert T. McCracken,* for appellant.

*George J. Edwards, Jr.,* and with him *Ralph S. Croskey,* for appellees.

Opinion by Baldrige, J., January 28, 1932:

The plaintiff in this interpleader action obtained a judgment against the defendants in New York. On June 18, 1929, he issued a foreign attachment in Pennsylvania, which was served on the garnishee on June 19, 1929. On April 4, 1930, judgment was entered against the defendants for want of an appearance, and thereupon interrogatories were filed. The garnishee filed an answer, setting forth that it had entered into an oral contract with the defendant, Belle Bart Dulany, whereby she was to receive a share, payable on the last day of each month, of the net proceeds of the sale of syndicated articles written by her, and accepted by the garnishee, for publication; that on April 30,

1929, the garnishee had advanced to Mrs. Dulany $250 in anticipation of funds to be received. The following amounts were credited before the date of the service of the writ: April 30, 1929—$90.50; May 31, 1929 —$112. The next credit of $85 was on June 30th. Subsequent monthly payments were made until March 31, 1930, when $828.50 remained in the garnishee's hands. Thereafter, the garnishee petitioned the court, averring that the defendant, Belle Bart Dulany, was threatening to sue for the amount in its hands and that the plaintiff was demanding payment of the moneys to him. A subsequent judgment creditor of defendant had issued an attachment and he also was claiming the fund. The petitioner prayed for authority to pay the money into court and that the claimants interplead. The court granted an interpleader and suggested that the parties, by proper pleadings or by an agreement, try the following issues: "First, as to whether or not there was a fund in the hands of the garnishee at the time of the service of the writ which could sustain the foreign attachment issued by Edmunds, the plaintiff, and, second, whether or not the fund in the hands of the garnishee is attachable either by foreign attachment or attachment execution." The parties, on December 6, 1930, agreed, by their respective counsel, to have those issues determined.

The case came on for trial and the appellant offered in evidence the records of the New York and Pennsylvania judgments, certain interrogatories and answers thereto, and then rested. Upon motion of the defendants, the trial judge granted a nonsuit. The present appeal followed the refusal of the motion to take off the nonsuit.

The appellant contends, first, that the entry of a nonsuit was error as he did not have the burden of proof in the interpleader proceedings; second, that a prima facie case was established entitling him to recover. In the stipulation of the issues, as well as at

the trial, the judge and the parties to the cause apparently regarded the appellant as the plaintiff. He, as such, went to trial on the merits. The record does not reveal that the appellant objected to taking the initiative. He assumed the burden of establishing his claim and he undertook, as plaintiff, to do so. We think that the appellant is not now, after an adverse decision, in a position to complain that he was prejudiced by any wrongful action of the court in the order of the trial.

That brings us to the determination of the second question: Did the record disclose a prima facie case entitling the plaintiff to recover? It was his duty to show affirmatively that there was, at the time of serving the writ, money in the hands of the garnishee due the defendants: Morinelli v. Garin Co., 100 Pa. Superior Ct. 510. When the writ was served on June 19, 1929, the advancement to Mrs. Dulany of $250 on April 30, 1929, exceeded the credits that had accrued to her under the contract. The appellant complains of the court's ignoring the money credited on June 30, 1929. But Mrs. Dulany was not entitled to that credit when the writ was served; it was not due her until the last day of the month under her contract, and was not, therefore, covered by the attachment. Since no money of the defendant was in the hands of the garnishee when the attachment was served, the writ was fruitless, and any money that subsequently came into the hands of the garnishee was not bound by the writ: Kennedy v. Schleindl, 290 Pa. 38. The proof offered upon the part of the plaintiff left no disputed issue of fact for the jury's consideration.

The lower court very properly, under the record before it, granted a nonsuit.

Judgment is affirmed.