## Knight, Appellant, *v.* Red Ball Transit Co. and Automobile Ins. Co., Garnishee.

Argued January 26, 1932. Before Frazer, C. J., Simpson, Kephart, Schaffer, Maxey and Drew, JJ.

372

*Abraham L. Freedman,* with him *Thomas C. Egan* and *Morris Wolf,* of *Wolf, Block, Schorr & Solis-Cohen,* for appellant.

*Joseph W. Henderson,* of *Rawle & Henderson* and *Thomas F. Mount,* for appellee, were not heard.

PER CURIAM, March 14, 1932:

Plaintiff appeals from a judgment non obstante veredicto entered in favor of defendant insurance company in an action to recover from it as garnishee, the value of household goods destroyed by fire, while being transported by defendant transit company from Sewickley, Allegheny County, to Philadelphia.

The facts are not in dispute. Defendant transit company having failed to reimburse the shipper for the goods destroyed, the latter undertook by attachment execution to collect from the insurance company, under the provisions of a blanket policy of insurance issued by the garnishee to the transit company, covering goods and merchandise lost or destroyed while in the course of transportation by the transit company. Following de-

struction of the goods shipped by plaintiff, the transit company, in accordance with the terms of its insurance policy in defendant garnishee company, submitted proof of loss, and on August 3, 1919, was paid $2,000 "in full settlement of the claim." The attachment execution was issued July 15, 1930, and served on the garnishee July 24, 1930; that company having, previous to issuing and serving of the writ, paid the claim of its insured, in its answers to interrogatories, denied indebtedness in any amount whatever to the transit company, and upon rule plead nulla bona. At the trial of the issue, the court below, with motions before it of both parties for binding instructions, affirmed plaintiff's point and later, after argument before the court in banc, judgment was entered for defendant insurance company n. o. v.

The court below, after reciting the facts as set forth above, in entering judgment non obstante veredicto, states: "A review of this case convinces us that there was no real disputed question of fact and that one of the points, asking for binding instructions, should have been affirmed, but the evidence conclusively shows that prior to issuing of this attachment the garnishee had paid to the insured, the party to whom it was primarily liable, the sum of $2,000 in settlement for the loss of the plaintiff's goods. This was a discharge of the garnishee's liability under the policy and while the agent or adjuster for the insurance company may have engaged in some negotiations looking to a settlement of the plaintiff's claim against the insured, the suggestion made by the agent or adjuster was rejected or at least not accepted, and there was nothing then to bar the garnishee from making payment to the insured, the Red Ball Transit Company. Under these facts the plaintiff cannot recover against the garnishee and judgment must be entered in its favor." The record before us justifies this conclusion. The rights of a creditor in an attachment process "cannot rise higher than those which defendant had against the garnishee, and the liability of the latter

is measured by his responsibility in case the debtor himself had brought an action to recover. ...... If, therefore, the latter had no cause of action, the attachment must fall": Austin-Nichols Co. v. Union Trust Co., Garnishee, et al., 289 Pa. 341, 346, and cases there cited. Here, any claim the insured had under the policy was settled in full; and there being no allegation of fraud in making this settlement, the judgment must be affirmed.

Judgment affirmed.