## Reicher, Appellant, v. Selker et al.

Argued October 2, 1934.

Before TREXLER, P. J., KELLER, CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Benjamin C. Sigal*, of *Shapiro & Sigal*, for appellant.

*James Saniel*, for appellee, was not heard.

OPINION BY TREXLER, P. J., December 18, 1934:

Mazza owed Selker $300. Selker assigned to the Lincoln Tile & Mantel Company the sum of $65 on December 16, 1932 to be paid out of the sum due from Mazza. On December 29, 1932, Selker assigned $291.38 of the sum due from Mazza to him to Freda Miller. Reicher, a judgment creditor of Selker on January 4, 1933 issued an attachment execution endeavoring to grasp the sum that Mazza owed Selker. Morris Glinn another judgment creditor of Selker followed with another attachment on January 7, 1933. Mazza not knowing to whom the money was due paid it into court. An issue was framed to determine the respective rights of the parties, Glinn not pressing his claim. The matter was tried by the court without a jury and judgment rendered in favor of the Lincoln Tile & Mantel Company and Freda Miller. Counsel for Reicher asked the court to open the judgment and enter it on the whole record in his favor. This was refused and this appeal by Reicher followed.

It is very evident that if the assignment of the claim by Selker to Freda Miller was valid the attaching creditors would receive nothing. The appellant submits this query. "Is a partial assignment for a pre-existing debt an assignment for value thereby prevailing over a subsequent execution attachment by a judgment creditor?" The trouble with this question is that the facts in the case are that the assignment to Freda Miller was in liquidation pro tanto of the debt not as a security for it. She was cross-examined by counsel for the appellant, Reicher, the attaching creditor, and stated repeatedly that the assignment was accepted on account of the payment of the debt, and the assignor also made the same statement that it was payment and not an assignment as collateral, and in addition to this positive testimony there is the added fact that the assignment of itself was under seal and purported to be for a valuable consideration. There is no doubt about it that the paper divested the title of the assignor in the debt owing to him to the extent of the amount set forth in the assignment. See Roberts v. Friedman, 96 Pa. Superior Ct. 530.

In addition to the above question propounded by the appellant it is contended that the transfer being a partial assignment of the debt it cannot prevail over a subsequent attaching creditor unless the debtor has consented to the assignment. We find that the testimony shows that the debtor has consented. The law recognizes that a debtor may not be annoyed by numerous suits by a splitting up of his debt by assignments to various third parties, but this principle is for the protection of the debtor. In the present case due notice of the assignment was given to the debtor and, as stated above, he paid the money into court. This was the end of the matter as far as he was concerned. There then remained no question as to the debtor being annoyed or damaged by unnecessary

suits. All the parties interested in the matter before the court were present as rival claimants of the fund. By asking to have the parties interplead as assignees and claimants his recognition of the assignment and assent to it was established. Clarke & Cohen v. Real to use, 105 Pa. Superior Ct. 102, 116, 159 A. 454.

We think the court was right in refusing to open the judgment which had been entered on the issue framed in the interpleader.

The order of the lower court is affirmed. Appellant to pay the costs.