Garis, Appellant, v. Hanff et al.

Argued December 14, 1934.

Before KELLER, BALDRIGE, STADTFELD and PARKER, JJ.

*Benjamin Sork,* for appellant.

*Thomas F. Mount,* with him *Joseph W. Henderson,* of *Rawle & Henderson,* and *Murray Forst Thompson,* of *Saul, Ewing, Remick & Saul,* for appellee.

OPINION BY BALDRIGE, J., February 1, 1935:

On August 11, 1932, the plaintiff obtained a judgment against the defendant, in the sum of $2,013.12. About one month later, defendant entered into a written contract with McClintic-Marshall Corporation,

garnishee, for painting a bridge, for which he was to be paid $6,773. The work was suspended in the winter of 1932. When the weather conditions improved to permit the resumption of work, defendant was unable to raise the money to finish his contract.

On March 6, 1933, defendant, with other associates, caused to be formed a corporation, under the name of T. R. Hanff & Company, Inc., (hereinafter called corporation). On March 13, 1933, the directors of the corporation passed resolutions authorizing the opening of a bank account with the City National Bank & Trust Company of Philadelphia, giving power to the president and secretary to sign checks, execute notes, and to pledge the property of the corporation as collateral therefore, etc. Two days thereafter, by mutual agreement, the contract of September 12, 1932, between Hanff, individually, and the garnishee was cancelled, Hanff acknowledging that moneys due him had been paid.

On the same day a new contract was entered into between the garnishee, the corporation, and the defendant as third party. The corporation agreed therein to complete the work not finished by defendant and to do some additional minor work. This agreement mutually released the garnishee and the defendant from all obligations under the original contract, "provided that the party of the third part shall not be released from any obligations or responsibility under said agreement of September 12, 1932, in respect of the work heretofore performed thereunder." The corporation was to receive $4,879 for its work.

Upon the execution of this contract, the corporation obtained a loan of $2,000 from the City National Bank & Trust Company, and, as collateral security therefor, the bank received from the corporation an assignment of the moneys to become due under its contract with the garnishee.

On March 31, 1933, the plaintiff issued an attach-

ment execution against the defendant, naming McClintic-Marshall Corporation and the Bethlehem Steel Company as garnishees. It is conceded that at that time the amount owed by McClintic-Marshall Corporation under the contract was $2,505.49, and that the corporation owed the City National Bank & Trust Company a balance of $2,800—as an additional loan of $1,000 had been made in October, 1933. The McClintic-Marshall Corporation, in answer to interrogatories filed, denied that it owed the defendant anything, and the Bethlehem Steel Company, the other garnishee, filed an answer denying any contract with the defendant or the corporation. Both garnishees filed pleas of nulla bona. The City National Bank & Trust Company intervened, setting forth its transaction with the corporation. The corporation, also, was permitted to intervene.

The case was tried, and the plaintiff secured a verdict against the McClintic-Marshall Corporation, garnishee. Judgment n. o. v. was entered in favor of the garnishee. The plaintiff appealed.

The only assignment of error is to the action of the learned court below in making absolute the rule for judgment n. o. v. in favor of the garnishee.

The rights of an attaching creditor can not rise higher than those which the defendant had against the garnishee. If, therefore, the McClintic-Marshall Corporation was not indebted to Hanff as an individual, the plaintiff is not entitled to recover: Austin-Nichols & Co., Inc. v. Union Trust Co., 289 Pa. 341, 137 A. 461; Knight v. Red Ball Transit Co., 306 Pa. 371, 159 A. 715.

The appellant, in an endeavor to establish his right to recover, called, as on cross-examination, Hanff, who testified that at the time of the attachment there was no contract existing between the garnishee and him, and that there was no money due him by the garnishee;

that in order to carry out the new contract, it was necessary to raise money, and the corporation obtained a loan from the City National Bank & Trust Company for that purpose. The corporation assigned to the bank all its right, title and interest in the contract with the McClintic-Marshall Corporation, and authorized the bank to collect the amount due it under the contract when the work was completed, and to deduct therefrom the amount due the bank "by us (the corporation) at that time" and credit its account with the balance. It thus conclusively appears from this testimony that the defendant had no claim against the garnishee which he could enforce, as the plaintiff was bound by Hanff's testimony. "We have often decided that if one of the litigants calls his adversary to testify as upon cross-examination, while the testimony thus obtained is not conclusive on the former, but may be rebutted by other proof, yet to the extent that it is not rebutted it is conclusively taken to be true": Krell v. Jacobson et al., 314 Pa. 522, 527, 172 A. 697.

The appellant argues that Hanff and the corporation were one and the same, and that the creation of the corporation and the assignment of its interest in the contract to the bank were steps taken to consummate the fraudulent scheme to defeat his claim. We think the evidence is insufficient to sustain this charge.

In referring to the appellant's citations, we find they are cases where attempts were made to conceal assets from creditors. In the case at bar, the defendant had practically no assets to secrete. He was not one of the original incorporators. He subsequently acquired four shares of stock in consideration of the transfer of a small amount of equipment, consisting of ropes, ladders and some tools. He did not assign to the corporation any rights under his contract as none existed. He had nothing to assign. If the transfer of the small amount of property was fraudulent, the plaintiff's remedy was to pursue the property in the hands of the

transferee. True, as alleged, Hanff became the active head of the corporation, as he had had practical experience in the line in which the corporation was engaged, but that did not support the charge of fraud: Summit Hosiery Co. v. Gottschall, 292 Pa. 464, 141 A. 298. The creation of the corporation did not prejudice the plaintiff.

It must be borne in mind that the fund attached was not in existence at the time the corporation was formed, or when the contract was cancelled on September 12, 1932, or at the time of the assignment to the bank. It was the corporation, with the financial assistance of the bank, that created the fund. The bank apparently had no knowledge of any facts that would make it a party to the alleged fraudulent scheme, neither did the garnishee.

Judgment is affirmed.