Golder, Appellant, *v.* Bogash et al.

Argued January 10, 1938.   Before Kephart, C. J.,
Schaffer, Maxey, Drew, Linn, Stern and Barnes, JJ.

*Albert L. Moise,* with him *Arthur M. Eastburn* and
*David Bortin,* for appellant.

*Nochem S. Winnet,* with him *Thomas Ross,* of *Ross & Ross,* for appellees.

*Wm. H. Satterthwaite, Jr.,* for garnishee.

OPINION BY MR. JUSTICE MAXEY, March 21, 1938:

The appellant, Mandes Golder, is a judgment creditor of defendant, Harry J. Bogash, and as such he is seeking to attach two judgments against the garnishee, the Philadelphia Pure Rye Whiskey Distilling Company, which were entered in favor of Bogash as use plaintiff. The judgments stand in the name of "Harry J. Bogash, Agent." If Bogash as an individual has the beneficial right to these judgments, Golder's attachment should prevail. If Bogash holds these judgments merely as agent or fiduciary for another, who is entitled to the beneficial interest and who owes no debt to Golder, the attachment fails. A jury held for plaintiff, but the court below entered judgment n. o. v. in favor of the garnishee, from which this appeal was taken.

Golder obtained his judgment against Bogash in Philadelphia County in 1931, for $25,839.54. A recovery of $3,000 on this judgment was had in the Philadelphia courts by the issuance of attachment execution against the First Trust Company of Philadelphia, which was indebted to Bogash in the amount mentioned for services in the transaction hereafter described: *Golder v. Bogash,* 325 Pa. 449, 188 A. 837. After the issuance of the Philadelphia attachment Golder transferred his judgment to Bucks County and on December 1, 1934, issued against the garnishee the attachment now challenged, on two judgments of record in that county standing in the name of Bogash as agent, without specifying for whom, one amounting with interest to $6,-364.12 and the other in the amount of $6,420.92. One of the judgments was on a bond secured by a mortgage amounting to $316,417.50, which the court below ordered reduced to $5,333.81, plus interest, its orders be-

ing affirmed by us in *Kearns, to use, v. Phila. Pure Rye, etc., Co.,* 318 Pa. 15, 177 A. 749, and *First Trust Co., Assignee, v. Phila. Pure Rye, etc., Co.,* 327 Pa. 145, 192 A. 393.

On December 14, 1934, almost immediately after the issuance of the execution, Bogash wrote a letter to counsel of record for the garnishee requesting that its answers to interrogatories, when filed, disclose the fact that he had no beneficial interest in the Bucks County judgments and that B. I. DeYoung, Esq., a Philadelphia attorney, had supplied all the funds for the purchase of the obligations on which the judgments had been entered. When, however, the garnishee filed its answers to Golder's interrogatories on April 8, 1935, admitting its indebtedness on the judgments, it failed to state these facts or to specify that the judgments were held of record by Bogash as agent. Counsel for appellant, Golder, has appeared throughout these proceedings also as counsel for the garnishee, thereby indicating harmony of interest and collaboration between appellant and the garnishee in appellant's effort to realize on his judgment by seizing the proceeds of the judgments held by Bogash as "agent."

Counsel for these parties secured the entry of an order in the court below on April 18, 1935, entering judgment in Golder's favor against the garnishee to the extent of the amount of these judgments. Counsel for Bogash, the defendant, was not present in chambers when this order was allowed. Thereafter on petition by Bogash the court held a hearing to determine whether its order should be vacated and the interested parties let in to a defense. At this hearing the record captions of the judgments held by Bogash as agent were shown, and both Bogash and DeYoung testified that the former had no interest in the judgments, but that the same had been purchased by DeYoung for approximately $19,000 from the First Trust Company with funds of a client,

Bogash acting merely as DeYoung's representative or, as the latter expressed it, his clerk in the transaction.

Under the circumstances the court below promptly vacated Golder's judgment against the garnishee, saying that if the facts above mentioned had been fully laid before it the order of April 18, 1935, would not have been entered and that the order had therefore been "improperly and inadvertently made."

Another hearing was then held, at which practically the same evidence was produced. At this hearing counsel for Golder and for the garnishee, in effect tried the case together against Bogash and DeYoung, who though not nominally a party had filed an answer to a rule for judgment entered against him by plaintiff's counsel and was subsequently permitted by the court to intervene in the case as claimant of the attached judgments. Bogash testified unequivocally that he had never paid a cent to secure the judgments and that all the consideration for their purchase had passed from DeYoung, whom he represented throughout the transaction. He did not know the name of DeYoung's principal. DeYoung's previous testimony on the motion to vacate the original order was offered by appellant, as upon cross-examination. DeYoung stated he had advanced the entire funds to close the deal, with the understanding that the judgments when purchased were to be held by Bogash as his agent. All of this was done for one of his clients, whose name he declined to reveal. He testified, however, that Bogash was not the party beneficially interested.

Appellant offered no evidence in contradiction except the testimony of Kearns, chairman of the garnishee's board of directors, that on one occasion Bogash at a conference with him stated he personally owned the judgments. This alleged admission by Bogash was not amplified in any way. It was the only evidence which tended to cast doubt on the basic contention of appellee and the claimant, DeYoung, that the judgments really belonged to some one other than Bogash. Against it must

be placed the uncontradicted testimony of Bogash and DeYoung that the latter put up the money and the former acted only in a representative capacity and had no interest. Their statements were offered by appellant on cross-examination and, since they remain in the record uncontradicted, their testimony must be taken as binding on appellant: *Krewson, Exrx., v. Sawyer et al.,* 266 Pa. 284, 287, 109 A. 798; *Readshaw et ux. v. Montgomery,* 313 Pa. 206, 209, 169 A. 135; *Evans v. Penn Mutual Life Ins. Co.,* 322 Pa. 547, 558, 186 A. 133; *Garis v. Hanff,* 116 Pa. Super. Ct. 567, 176 A. 859. The alleged admission by Bogash that he "personally owned" the judgments was offered by appellant for the legal purpose of affecting the former's credibility as a witness. It was a statement of a mere conclusion diametrically opposed to the other evidence in the case, and was insufficient to counteract the positive affirmative proof confronting it.

DeYoung's refusal to disclose the name of his principal, for whom both he and Bogash acted, would not justify awarding the judgments to appellant. There was no question here of reliance by a contracting party upon the personal responsibility of an agent who purports to act for an undisclosed principal. Since there was no dealing between the parties, the cases cited by appellant, *Humphrys v. Republican C. C. Committee,* 320 Pa. 353, 182 A. 366; *Meyer v. Barker,* 6 Binney 228, and *Penna. R. R. v. Rothstein & Sons,* 109 Pa. Super. Ct. 96, 165 A. 752, are inapposite. Had Bogash refused to name the person for whom he acted, namely, DeYoung, and the latter's name not been brought into the case, the situation would be different. But Bogash did in fact name his principal, and that was DeYoung, who maintained his ownership of the judgments appellant coveted. The fact that DeYoung holds them for an undisclosed party does not affect in this controversy the superior status of his property interest in the judgments.

The contention is made that the court below erred in permitting DeYoung to intervene, but this contention we must reject. The matter of intervention was one for the exercise of discretion by the court engaged in determining the rightful disposition of the disputed judgments: *Reed's Appeal,* 71 Pa. 378; *Pfoutz v. Comford,* 36 Pa. 420; *Megee v. Beirne,* 39 Pa. 50; *Sailor Planing Mill & Lumber Co. v. Moyer,* 35 Pa. Super. Ct. 503. Under the circumstances shown, DeYoung had ground for intervention and for invoking judicial protection of his rights. It persuasively appeared that DeYoung in a fiduciary capacity as attorney and agent was entitled to the judgments and that Bogash was not. The garnishee was coöperating with Golder, plaintiff in the execution, in the latter's efforts to subject the judgments to him. Its duty was to make an impartial presentation of all proper defenses to the proceeding: *Schempp v. Fry,* 165 Pa. 510, 30 A. 941; *Scottish Rite Assn. v. Union Trust Co.,* 195 Pa. 45, 45 A. 651; *Ogle v. Barron,* 247 Pa. 19, 92 A. 1071. The court rightly granted intervention.

Furthermore, the question of intervention is of little consequence. Whether DeYoung became a party to the suit or not, appellant had the burden of proving that the judgments held in the name of Bogash as agent were beneficially owned by him and not by another: *Edmunds v. Barascope Corp. et al.,* 104 Pa. Super. Ct. 173, 158 A. 303; *O'Brien v. Radford et al.,* 113 Pa. Super. Ct. 88, 171 A. 296. Appellant's evidence negatived his claim that Bogash was the owner; it placed the ownership in a third party. Under these circumstances the court's duty was to enter judgment n. o. v. in favor of the garnishee, on motion of defendant Bogash. A point for binding instructions for defendant had been submitted and declined; defendant thus preserved his rights: Act of April 9, 1925, P. L. 221, sec. 1 (12 PS sec. 681). Ordinarily in such cases the moving party is the garnishee: *Knight v. Red Ball Transit Co. et al.,* 306

Pa. 371, 159 A. 715; *Colonna v. Morissey et al.,* 72 Pa. Super. Ct. 200. But here the garnishee remained formally passive. The circumstances here present were such as to justify the entry of judgment n. o. v. against the appellant and in favor of the garnishee, on motion of defendant Bogash, who in making the motion subserved his interest.

The judgment is affirmed.