Bartram Building and Loan Association *v.*
Eggleston et al., Appellants.

Argued April 20, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Martin F. Hatch,* with him *John L. Owens,* for appellants.

*Nathan L. Posner,* with him *Daniel Lowenthal, Bernard L. Frankel* and *Fox, Rothschild, O'Brien & Frankel,* for appellee.

OPINION BY MR. JUSTICE MAXEY, May 25, 1939:

On different dates in 1929 Eggleston, defendant in the court below and one of the appellants, negotiated

two mortgage loans from the appellee building and loan association. One was for $8,000 on "the Springfield tract" of real estate; the other was for $7,000 on "the Glenolden tract," both being situated in Delaware County. In each case defendant gave appellee his bond and mortgage. On the Springfield mortgage he took out 20 shares of stock in the association, which he assigned to the latter as additional collateral security. The paid-in value of the 20 shares is now $340. The Glenolden mortgage was secured by 35 shares of a different series, likewise assigned to the association as collateral and having a present value of $3,745. It should be noted that each assignment was in writing, transferred the shares in question as security for only the particular mortgage it was intended to cover, and gave the appellee authority to apply the collateral on that mortgage debt alone, in case of default, not in satisfaction of any other indebtedness of the obligor.

No default has occurred on the Glenolden mortgage, but in February, 1938, appellee caused judgment to be entered against Eggleston on his bond secured by the Springfield mortgage. Having done so, appellee immediately issued attachment execution against itself as garnishee, filed interrogatories, and promptly answered them itself, listing the two blocks of stock as assets of the judgment debtor, but without mention of the fact that they were held by his assignment as collateral for the respective mortgage loans. After obtaining two rules for more specific answers to the interrogatories, defendant succeeded finally in eliciting these facts, which were placed on the record in the form of depositions by stipulation of counsel.

The depositions disclosed appellants' real defense. It was shown that in 1931, long prior to the entry of judgment in this case, defendant Eggleston had conveyed the Glenolden tract to his daughter, Mrs. Newnam, one of the appellants. The deed was duly recorded in Delaware County. Defendant likewise produced an assign-

ment to his daughter of the 35 shares of stock in the appellee association, bearing the same date as the 1931 deed, and testified that this had been given for valuable consideration, although it was admitted that notice of the assignment never reached the appellee association until June, 1938, a few months after the attachment issued. Defendant in testifying stated that his daughter held the Glenolden property and his assigned equity in the stock as trustee for his wife, although apparently he and his wife have since leased the property as landlords and defendant manages the property, collecting the rents and paying the carrying charges. Defendant also sought to establish a demand on the association in May or June, 1937, to appropriate his 35 shares of stock upon his indebtedness on the Glenolden mortgage. All he proved was a request made to refinance the mortgage, which the association refused to do; and the secretary of the association testified, as shown by his minutes, that this request was withdrawn. At all events, the mortgage was never "re-set," which necessarily would have involved an appropriation of the paid-in value of the shares on the debt, and no appropriation was ever made.

After the depositions were filed of record, appellee took a rule for judgment on itself as garnishee for an amount admitted to be due. The rule was made absolute by the court below for the full amount of both blocks of defendant's stock, $4,085, and judgment was thereupon entered against appellee as garnishee. This amounted, of course, to an appropriation on the Springfield mortgage indebtedness of the stock held as security for the Glenolden mortgage. Shortly after judgment was entered defendant's daughter and wife filed a petition to be allowed to intervene as claimants of the 35 shares of stock and to be awarded a jury trial upon the issues outlined above. This was refused, as likewise was a rule to open the judgment. Defendant and his wife and daughter, the intervening claimants, have appealed,

alleging that the issues presented should have been submitted to a jury before judgment could be entered on the attachment.

With this contention we agree and accordingly the judgment must be reversed. The entry of judgment against a garnishee affects substantial rights of the judgment debtor, and judgment may not be entered if a defense on the merits available against the latter is averred: *Collins v. O'Donnell et al.*, 325 Pa. 366, 191 A. 22. It is settled that the judgment creditor is entitled to have judgment entered only in a clear case, where there is a distinct admission of liability by the garnishee to the defendant: *Hagy v. Hardin*, 186 Pa. 428, 40 A. 804; *Edward G. Budd B. & L. Assn. v. Kinsella*, 102 Pa. Superior Ct. 248, 156 A. 577. This is especially true when, as here, the plaintiff in the execution is the same party as the garnishee, and therefore it would not be expected to perform the recognized duty of a garnishee "to make an impartial presentation of all proper defenses to the proceeding": *Golder v. Bogash et al.*, 329 Pa. 350, 355, 198 A. 149. This is a case where the judgment debtor should have unrestricted opportunity to present his available defenses.

Appellee holds two blocks of stock, assigned to it by defendant as collateral security for two separate and distinct obligations assumed by him. On one of these he defaulted and judgment was entered against him. The obligee association now seeks to apply the collateral deposited for the sole purpose of securing one loan, on which no default has occurred, to the partial discharge of the defaulted obligation. This it cannot do, if, as defendant asserts and has presented evidence to prove, he previously transferred his equity in the collateral to third parties, the other appellants, by a valid assignment. It is well settled that "in the absence of a contrary agreement a pledgee may not apply collaterals for one debt in discharge of another": *Kelter, Trustee, v. American Bankers Finance Co.*, 306 Pa. 483,

493, 160 A. 127. Our decisions are all to that effect: *Mc-Intire et al. v. Blakelely,* 9 Sadler 227, 12 A. 325; *Oleon v. Rosenbloom & Co.,* 247 Pa. 250, 93 A. 423; *Heffner v. First Nat'l Bank, etc.,* 311 Pa. 29, 166 A. 370; *Berkovitz's Appeal,* 319 Pa. 397, 179 A. 746; *Auto B. & L. Assn. v. Hall,* 117 Pa. Superior Ct. 104, 177 A. 581; see also the cases cited in 68 A. L. R. 912. Here there was no agreement permitting application of the shares assigned as security for the Glenolden mortgage to discharge defendant's obligation on the Springfield mortgage. In the absence of such an agreement, the defendant having assigned his interest in the 35 shares of stock along with a conveyance of the property itself, appellee had no right to appropriate the stock on the defaulted debt for which judgment had been entered.

This *might* have been done by attachment of defendant's equity in the Glenolden shares prior to the assignment. But if he no longer owned this stock at the date of the service of the writ, the attachment failed, for he could make a valid assignment of his interest which would be good against the attachment even though notice of the assignment had not been given the appellee. "The assignee of a chose in action, even though he has given no notice of his assignment to the holder of the fund, has priority over an attachment issued and served . . . subsequent to such assignment": *Auto B. & L. Assn. v. Hall,* supra, at p. 110; *Phillips' Est. (No. 4),* 205 Pa. 525, 55 A. 216; *Guarantee T. & S. D. Co. v. Tye et al.,* 129 Pa. Superior Ct. 481, 196 A. 618. The cases sustain the principle that the attaching creditor acquires only the rights which the judgment debtor had in the attached property. If, as defendant alleges, he had previously assigned the stock, the assignment carried with it his right to have the collateral applied on the Glenolden mortgage indebtedness for which it had been pledged as security. This right passed to his assignee, and it cannot be defeated by what the court below suggests amounted to a waiver by appellee of its

right to hold the collateral for the Glenolden mortgage, followed by an attachment levied against itself as the holder of collateral subject to no charge. As was pointed out by Judge KELLER in *Auto B. & L. Assn. v. Hall,* supra, at p. 113, where a somewhat similar situation was involved, the assignee of the stock would be entitled to the balance of the collateral or its proceeds in excess of the mortgage debt which it was pledged to secure.

It follows that the rule for judgment against the garnishee, so far as the same amounted to an application of the stock held for the Glenolden mortgage on the Springfield mortgage debt, should not have been made absolute and that appellant Eggleston was entitled to have the issue as to the validity of the assignment submitted to a jury. We cannot adopt the suggestion of the court below that his rights are not affected by the entry of the judgment, because this results merely in a credit of his collateral on one obligation instead of another. So far as the record discloses, appellee still holds defendant's bond on the Glenolden mortgage, though the latter has parted with his title to the property. As the judgment stands, defendant has lost the benefit of a proper credit of his collateral on that obligation. It is not for the pledgee of the stock to say whether the pledgor will be harmed by an appropriation of the collateral of one obligation to another one. We are not informed as to the mutual claims or undertakings between defendant and his assignee, and it cannot be asserted that the result reached in the court below will not prejudice the rights of one against the other.

The refusal of the court below to permit the intervention of the remaining appellants was within its discretion: *Golder v. Bogash et al.,* supra, 329 Pa. 350, at p. 355. Appellant Eggleston, however, had an interest to subserve and was entitled to present his defense, which was a matter for a jury to determine: *Golder v. Bogash,* 325 Pa. 449, 188 A. 837.

The judgment is reversed, with a procedendo.