Smeltzer et al., Admrs., v. Walker et al.

*Edward McKean Hawes*, for complainant.
*Julian W. Barnard*, for respondents.

KNIGHT, P. J., December 29, 1939.—The bill avers that plaintiffs are the administrators d. b. n. c. t. a. of the estate of Jacob J. Wick, and that Jacob J. Wick died seized of certain premises in Hatfield Township, Montgomery County.

The bill further avers that, on April 24, 1939, plaintiffs entered into an agreement of sale with one David D. Kuder, for the sale of the above-mentioned premises, for the sum of $8,000.

That one George H. Walker, a licensed real estate broker, claims a commission of $400 for effecting the said sale; and that L. Morris Sellers and Lester K. Geyer, also licensed real estate brokers, protest that each of them

is entitled to the said commission of $400 for procuring the purchaser and making the sale.

Plaintiffs pray that defendants may be decreed to interplead together in order to ascertain who may be entitled to the above-mentioned commissions.

The bill further prays that defendants, and each of them, be restrained from commencing or prosecuting any proceedings at law for the collection of the said commission from plaintiffs.

To this bill, L. Morris Sellers, one of the defendants, has filed preliminary objections, which were argued before the court in banc, and which are now before us for decision.

The first objection alleges that the bill is defective for lack of parties, in that L. Morris Sellers constitutes one member of a copartnership consisting of himself and Mark A. Sellers, trading as Sellers & Sellers, and the said Mark A. Sellers is not a party to the bill.

This is in the nature of a speaking demurrer, and the defects in the record can be cured by amending the bill.

The third objection is that plaintiffs have an adequate remedy at law by interpleader.

Remedies at law and in equity may coexist and be concurrent: Pratt, to use, v. Waterhouse et al., 158 Pa. 45.

Although equitable relief exists under common - law forms, plaintiffs may, if chancery power is vested in the court, and the circumstances warrant it, obtain relief in equity: Koenig v. Currans Restaurant Co. et al., 306 Pa. 345.

A bill of interpleader will lie in equity, notwithstanding the Act of March 11, 1836, P. L. 76 (Interpleader Act), which gives a remedy at law: Penn Mutual Ins. Co. v. Watson, Exec., et al., 2 W. N. C. 485; McCoy v. McMurtrie et al., 12 Phila. 180; Wilbraham v. Horrocks, etc., 8 W. N. C. 285.

It is argued by counsel for plaintiffs that the Interpleader Act, supra, contemplates only two parties beside the stakeholder, and that equity affords the only relief where claimants are more than two.

The cases do not sustain this contention. See Tonkonogy v. Levin et al., 106 Pa. Superior Ct. 448; Reicher v. Selker et al., 115 Pa. Superior Ct. 424; Edmunds v. Barascope Corp. et al., 104 Pa. Superior Ct. 173.

We are of the opinion, however, that, since there is concurrent jurisdiction in law and in equity in interpleader, under the circumstances of this case, equity would furnish a more convenient, complete, and satisfactory remedy.

The fifth objection to the bill is that equity has no jurisdiction under the facts alleged.

In support of this, counsel for the objecting defendant alleged that the claims of the various defendants might be based on different grounds; for instance, an exclusive sales agreement; or, an independent promise to pay the commissions to one of the claimants, irrespective of who actually made the sale.

The answer to this argument is to be found in the bill, wherein it is stated that the three defendants all claim the commissions.

When responsive answers on the merits are filed by defendants, it may appear that they base their claims upon some other ground than that they were the efficient and moving cause of the sale. If such a situation develops, appropriate orders can then be made by the court.

After fully considering the bill and the objections, we are all of the opinion that there is no merit in any of the latter, and that they should be dismissed.

And now, December 29, 1939, the preliminary objections are dismissed, and defendant L. Morris Sellers is allowed 15 days from the date hereof to file an answer to the bill.