### Greco v. Musicraft Records, Inc. No. 1

*I. H. Bellis*, for plaintiff.
*J. Gross*, for defendant.
*M. H. Brown*, for garnishee.

BOK, P. J., January 5, 1950.—It appears to me that the Act of May 23, 1887, P. L. 163, sec. 1, 12 PS §2866, is still in effect and has not been superseded or repealed

by the Act of May 12, 1897, P. L. 62, sec. 1, 12 PS §2961. And reasonably enough, since foreign attachment is technical and an action at law could be argued not to apply to an equitable proceeding unless specifically provided for. The younger act should, by the same technical reasoning, be held not to repeal the older act by anything short of clear legislative expression. There being none, the two acts can exist together and provide, respectively, for equitable and legal procedures.

This is shown by two lower court cases decided after the passage of both acts. See Brown v. Wilson, 68 Pitts. L. J. 503 (1920), and Sockaloski v. Kazlauskas, 46 Pa. C. C. 395 (1916). Also Amram's C. P. Practice, 5th ed. (1948), p. 374, footnote 8.

As for damages, while no specific sum is prayed for in the bill, an accounting is asked and a decree for the money shown by the accounting to be due. I see no reason to quash the writ because dollars and cents are not set forth: there is "a prayer of a decree for the payment of money", as the Act of May 23, 1887, P. L. 163, requires. Defendant even suggests in his brief that foreign attachment may be had in all actions ex contractu, including an action for unliquidated damages, under the Act of March 30, 1905, P. L. 76.

Defendant complains that the garnishee has not been properly identified: it is named simply as "Kaylor Co.", without indication of whether it is a corporation, partnership, or unincorporated association. There is merit in this contention, since "company" may mean a variety of things and not necessarily one only. Such defects may be taken advantage of by either defendant or garnishee: Pottsville Bank v. Vandusen, etc., 2 Schuyl. 7 (1881); Marano v. Granata et al., 151 Pa. Superior Ct. 454 (1943).

It may be, however, that the defect can be remedied by amendment, but there is nothing before me, except

statements at argument, to show the exact nature of the amendment. This should be done by a petition to amend, in which the character of the desired amendment is set forth. The law is that if the effect of the amendment will be to correct the name under which the right party is sued, it should be allowed, but if its effect will be to bring a new party on the record or to change the capacity in which he is sued, it should be refused: White Co. v. Fayette Automobile Co., 43 Pa. Superior Ct. 532 (1910).

In McGinnis v. The Valvoline Oil Works, 251 Pa. 407 (1916) the amendment was allowed because "the plaintiff did not sue the wrong party; he simply made a mistake in stating the name of his employer, and this he had a right to correct."

See also Tonge v. Item Publishing Co., 244 Pa. 417 (1914) ; Wright v. Eureka Tempered Copper Co., 206 Pa. 274 (1903) ; Bergman v. Straus et al., 264 Pa. 439 (1919) ; Barrett v. First Mechanics National Bank et al., 133 Pa. Superior Ct. 366 (1938) ; Pasquinelli v. Southern Macaroni Manufacturing Co., 272 Pa. 468 (1922).

In a proceeding as technical as foreign attachment, the record should be self-sustaining, and I cannot grant an amendment until the record informs me what it is to be.

Plaintiff's counsel has written to me that the garnishee will file an appearance and stipulate its proper identification. No such action has as yet been taken. If it is still contemplated, consideration might be given to the question of whether it is compatible with a garnishee's duty, if any, towards the absent defendant: Bartram B. & L. Association v. Eggleston et al., 335 Pa. 42 (1939) ; Golder v. Bogash et al., 329 Pa. 350 (1938) ; Schempp v. Fry, 165 Pa. 510 (1895). A stipulation of a proper amendment would be one thing, but

it would be another if it covered a matter not legally amendable.

My own study of the case reveals a defect in the sheriff's return. In the affidavit of Deputy Sheriff Matthew K. Yates that he served a copy of the bill, it appears that he served "Kagle Company" as garnishee by handing it to Leonard Rakliff, who appears in the sheriff's return as manager of "Kaylor Company". This man might be the manager of two different concerns.

Beyond this, the return is obviously incomplete in that it does not make grammatical sense. It reads:

"Attached as within commanded 9-28-1949 at 4$^{15}$ o'clock minutes P. M. by going to 131 So. 24th Street in the County of Philadelphia, State of Pennsylvania, and then and there in the presence of Ellorth Wexler a credible person of the neighborhood attaching and declaring that I attached all goods and chattels, lands and tenement, moneys, credits, legacies and interest of the within named defendant in the hands, possession or control of Kayler Company Garnishee, and Summoned on the same day at the same time the said Kayler Company Garnishee by handing personally at 131 So. 24th Street in the County of Philadelphia, State of Pennsylvania, the place of business of said Kayler Company Garnishee, to Leonard Rakliff, Manager, the person for time being in charge thereof, being unable to ascertain the residence of any officer of Kayler Company Garnishee, within the County, upon inquiry at said place of business, and making known to him the contents thereof.

"And Nihil Habet as to Musicraft Records, Inc., the within named defendants.

So answers

Matt Yates
Deputy Sheriff
Austin Meehan
Sheriff"

There is no object following the phrase "by handing personally" and it is therefore impossible to know what it was the deputy sheriff handed Rakliff. Nor does it appear that he read the writ to him, if it was a writ that he had.

The sheriff may amend such errors: Kelly & Jones Co. v. Eagle Smelting Works, 11 West. 120, 16 Del. 142 (1922) ; Cohen v. Mead & Silver, 10 D. & C. 533 (1927).

If petitions to amend are not filed within 20 days, the rule for motion to quash the writ must be made absolute.