## Iacovazzi v. Iacavazzi et al.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Thomas J. Foley* and *John A. Morano*, for plaintiff.

*Willard M. Henkelman*, for garnishee.

HOBAN, P. J., February 20, 1952.—Plaintiff, holder of an adverse judgment against defendant after jury verdict, attached Pennsylvania Coal Company, garnishee, as the holder of funds alleged to belong to defendant. The interrogatories and the answer disclose these facts:

Defendant and garnishee entered into a written agreement by which defendant was permitted to remove cinders from a dump owned by garnishee, defendant to pay a certain price per ton, make semi-monthly settlements, ship in a certain way, keep records as prescribed, protect the property and indemnify garnishee against claims arising from defendant's operations under the agreement. The agreement was in writing and in form a letter signed by garnishee, and accepted in writing by defendant, the letter opening with these words: "Cancelable immediately upon notice you are hereby permitted to remove cinders. . . ."

The answer to the interrogatories shows that defendant went into operation under the agreement and at the time of service of the attachment upon it defendant was indebted to garnishee in the sum of $340 for cinders removed, and was continuing to operate; that defendant had acquired a partner and his rights and obligations under the agreement were now those of the partnership. Further, that garnishee held the sum of $400 deposited with it by defendant and in escrow to be held during the life of the permit to guarantee performance by defendant as permitted under the agreement.

On this state of facts plaintiff asks judgment on the interrogatories against garnishee for $400.

Plaintiff's case is not so clear as to entitle him to judgment on the answers: Collins v. O'Donnell et al., 325 Pa. 366. As in the cited case, here in effect garnishee sets up a defense on the merits against the

judgment debtor. A judgment creditor is entitled to have judgment entered only in a clear case where there is a distinct admission of liability by garnishee to defendant: Bartram Building and Loan Association v. Eggleston et al., 335 Pa. 42, 46, and cases cited therein.

Plaintiff obviously recognizes the foregoing principles and seeks to avoid them by this reasoning: The contract is invalid because it is cancelable without notice, thus not binding on either party. If so, garnishee has no right to the $400 held by it "by virtue of the invalid contract", and hence as money of defendant held by garnishee returnable on demand, plaintiff ought to be able to attach it.

The argument fails for two reasons:

First, while the written agreement may be ineffective to establish a contract creating liability for damages resulting from refusal to carry it on (see E. I. duPont de Nemours Co. v. Claiborne-Reno Co., 64 F. (2nd) 224), it certainly acquires life the minute defendant begins to remove cinders from garnishee's property. Would it be seriously argued that defendant could avoid payment for the cinders removed? Certainly, if no more, the contract is a continuing offer of sale upon conditions, including payment, and with the removal of the cinders the contract of sale becomes complete.

Secondly, the escrow agreement is separate and apart from the agreement sought to be declared invalid. It is not mentioned in the writing and is an entirely new undertaking, coextensive in time it is true with the life of the written agreement, but supported by actual consideration—the removal of garnishee's property and defendant's promise to pay. Garnishee has a claim against the fund until defendant satisfies his obligations to pay for goods received; hence until that occurrence becomes clear, defendant has no right

to the return of the fund and plaintiff has no right to a summary judgment in attachment proceedings.

Now, February 20, 1952, the rule to show cause why judgment should not be entered in favor of plaintiff and against garnishee, Pennsylvania Coal Company, in the sum of $400, is discharged.