**Loose Estate**

*Charles H. Weidner,* for petitioner.

*Philip F. Schmehl* and *George B. Balmer,* for respondent.

MUTH, P. J., January 29, 1968.—Kramer D. Arnold, administrator of the Estate of Howard A. Brown, deceased, has filed his petition requesting the removal of Emily F. Loose, administratrix of Warren L. Loose, deceased, as such administratrix for failure and refusal to prosecute an action against State Farm Mutual Automobile Insurance Company, insurance carrier for Warren L. Loose. Petitioner alleges that he secured a judgment in the United States District Court for the Eastern District of Pennsylvania against respondent in the sum of $108,900; the judgment was obtained as damages arising out of the operation of an automobile by Warren L. Loose on June 22, 1960, which collided with a vehicle operated by Howard A. Brown on the Warren Street by-pass in Reading, Pa., resulting in the death of Howard A. Brown and damages to his vehicle.

There has been paid on account of the said judgment by the insurance carrier $51,750, leaving an unpaid balance in the amount of $57,150. Petitioner alleges that the carrier acted in bad faith in discharging its fiduciary obligations to the estate of respondent's decedent, thereby becoming liable for the entire amount of the judgment secured by petitioner.

Respondent, Emily F. Loose, executrix, has filed an answer to the petition denying that the State Farm Mutual Automobile Insurance Company was guilty of bad faith in the handling of its defense of her decedent, and averring that upon advice of counsel that she is of the opinion that she has no cause of action against the aforesaid insurance carrier, and denying

that the said insurance carrier was guilty of bad faith in its conduct of the defense of her decedent.

Petitioner has instituted an action in garnishment in the United States District Court for the Eastern District of Pennsylvania under Federal Rule of Civil Procedure 69-A against Emily F. Loose, administratrix, respondent, and State Farm Mutual Automobile Insurance Company, garnishee. The aforementioned judgment was obtained against respondent upon the basis of the decision in Gray v. Nationwide Mutual Insurance Company, 422 Pa. 500, which held that a cause of action exists in an insured against his insurer for the excess of a judgment over and above the insurance policy limits if the insurer has defended the insured's case in bad faith. According to the inventory filed by respondent, the assets of the estate are entirely consumed by preferred claims. There are no assets in the estate now available to petitioner.

The United States District Court for the Eastern District of Pennsylvania in the garnishment proceedings above mentioned declined decision in the matter until it can be determined (a) whether the cause of action upon the judgment aforesaid in the said proceeding is a debt which may be garnished, and (b) whether if the within cause of action is garnishable, the garnishment works an involuntary assignment of the cause of action to the garnishor from defendant.

The decision in the Gray case aforementioned apparently decided that (1) the judgment secured by a plaintiff need not be paid by the insured, but a right of action against the insurer accrues, and (2) that such right of action is assignable. As indicated by the District Court for the Eastern District of Pennsylvania, the law pertaining to the questions presented to this court for determination appears to be very unsettled and we shall, therefore, consider the following questions: No. 1. Does the garnishment referred to work

an involuntary assignment of the cause of action from respondent to petitioner? No. 2. Is the claim of petitioner a debt which may be garnished? No. 3. Shall respondent, Emily F. Loose, administratrix of the estate of Warren L. Loose, be removed from the office of executrix for failure to institute an action against the within mentioned insurance carrier. Such cause of action was held to be assignable whether based in tort or in contract, and that it could be prosecuted by the insured, his trustee in bankruptcy, or his judgment creditor, or his assignee: Critz v. Farmers Ins. Group, 230 Cal. App. 2d 788, 41 Cal. Rptr. 401.

An attachment is an equitable assignment of the thing attached, a substitution of the creditor for the debtor, and to the latter's rights against the garnishee: Reed v. Penrose's Executrix, 36 Pa. 214. In Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207, the court decided that the plaintiff in an execution attachment is liable to any defense on the part of the garnishee that the latter might have used against his original creditor. The records, of course, are replete with instances in which attachment execution was held to work an assignment to plaintiff of the debt due defendant from garnishee. In Trainer Estate, 166 Pa. Superior Ct. 472, such was the holding, citing Jarecki Manufacturing Company, Limited v. Hart Brothers, 5 Pa. Superior Ct. 422, Austin-Nichols & Co. v. Union Trust Co., 289 Pa. 341. In the same decision the court also determined that the rights of the attaching creditor are the same as the rights of the defendant in the writ: Laroche v. Farm Bureau Mutual Automobile Insurance Co., 335 Pa. 478.

Furthermore, it has been held that a garnishee may set up against plaintiff any defense that he could make against defendant, Willis v. Curtze, 203 Pa. 111, and that the garnishee has the duty of making an impartial presentation of all proper defenses to the

proceeding: Golder v. Bogash, 329 Pa. 350; Bartram Building & Loan Association v. Eggleston, 335 Pa. 42. In fact the garnishee has the bounden duty to resist the attachment: Badler v. L. Gillarde Sons Company, 387 Pa. 266.

A judgment debtor's liability insurer against whom a garnishment proceeding is brought by a judgment creditor has the burden to plead and prove a breach of policy requirements: Jennison v. Aacher, 201 Pa. Superior Ct. 583.

The Pennsylvania Rules of Civil Procedure pertaining to garnishments provide that the procedure between plaintiff and garnishee shall be conducted as though the interrogatories were the complaint and the answer were in assumpsit: Rules 3117(a), 3144, 3145, 3146(b), 4005, 4019(a)(1); Hanchey v. Elliott Truck Brokerage Co., Inc., 421 Pa. 131.

The nature of attachment execution was considered more recently in Caddie Homes, Inc. v. Falic, 211 Pa. Superior Ct. 333. In that case an employer advanced money to an employe, Falic, which he promised to repay out of moneys payable to him by an insurance company because of an accident. Upon his refusal to pay after securing an award against the insurance company, the employer issued attachment execution against the insurance company. In its opinion upholding the attachment the court stated, inter alia, as follows: "Pennsylvania Rule of Civil Procedure No. 1253 provides in pertinent part: 'Any person may be made a garnishee and shall be deemed to have possession of property of the defendant if he (1) owes a debt to the defendant; (2) has property of the defendant in his custody, possession or control.' " The court further stated as follows:

"Similarly, there is the recognition that the garnishing creditor cannot recover from the garnishee until the debt attached becomes due and payable. In

other words, the attaching creditor stands, with respect to the garnishee, in the position of his debtor, and cannot demand more from the garnishee than could the debtor himself. See 3A Anderson, Pennsylvania Civil Practice, supra. With this understanding of the rules of attachment, we now turn to the facts in this case. On the date of the filing of the writ, there was a debt actually owed for that week, or day to Falic by Employers by reason of the order of the Maryland Workmen's Compensation Commission. It was this property of Falic that the writ attached. Subsequently, by its terms, the writ attached the payments owed for later weeks as they became due and payable. See Hays v. Insurance Co., 99 Pa. 621 (1882), Pa. R.C.P. No. 1258."

Caddie Homes was a case of foreign attachment. Rule 3101, Pennsylvania Rules of Civil Procedure, makes the same provision concerning garnishees in an attachment execution. See also Goldstein, for use, v. Penny, 328 Pa. 78.

We, therefore, conclude that the attachment execution instituted by petitioner in the United States District Court for the Eastern District of Pennsylvania does work an assignment of the claim of respondent against her insurance carrier; that petitioner has a proper and adequate remedy for the enforcement of his judgment, and that the matter can be properly heard and determined before the said court. The question of bad faith on the part of the insurance carrier, upon which petitioner's claim rests, can then be adjudicated in the same forum in which the judgment was obtained.

The Fiduciaries Act of April 18, 1949, P. L. 512, sec. 331, 20 PS §320.331, provides, with reference to the power of the court to remove a personal representative, that such may be done if (1) he is wasting or mismanaging the estate, or is likely to become in-

solvent, or has failed to perform any duty imposed by law, or, (5) when, for any other reason, the interests of the estate are likely to be jeopardized by his continuance in office. The burden of proving the fiduciary's default is a heavy one and the action lies in the discretion of the orphans' court. See cases, 3 Hunter, Fiduciaries, §12. Since the matter before this court has been presented upon petition and answer, and there has been no hearing and no opportunity to the respondent to have her day in court, we hesitate to take such drastic action against her since the removal from office of a fiduciary connotes a dereliction of duty. We are unwilling to take such action in the absence of a full hearing. Accordingly, we make the following:

## ORDER

And now, to wit, January 29, 1968, petition of Kramer D. Arnold, administrator of the estate of Howard A. Brown, deceased, for the removal of Emily F. Loose, executrix of the estate of Warren L. Loose, deceased, is dismissed at the cost of petitioner; this order to become absolute of course in the absence of exceptions hereto within 20 days of the date hereof.